UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 05-10206-JLT

---

| | |
|---|---|
| KERRY M. CASTELLO, | ) |
|     Plaintiff, | ) |
| | ) |
| V. | ) |
| | ) |
| SUSAN J. MARTIN, in her individual | ) |
| and official capacity as Director of the | ) |
| Department of Correction, Health Services | ) |
| Division; AARON LAZARE, M.D., in | ) |
| his individual and official capacity as | ) |
| Chancellor and Dean of the University of | ) |
| Massachusetts Medical School; ARTHUR | ) |
| BREWER, M.D., in his individual and official | ) |
| capacity as Director of the UMass correctional | ) |
| Health Program; DONNA JURDAK, R.N., | ) |
| in her individual and official capacity as | ) |
| Health Services Administrator at the Massachusetts | ) |
| Correctional Institution Norfolk; | ) |
|     Defendants. | ) |
| | ) |

---

## DEFENDANT DONNA JURDAK, R.N.'S ANSWER
## TO COMPLAINT AND JURY TRIAL DEMAND

### FIRST DEFENSE

The Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

The Defendant, Donna Jurdak, R.N. (the "Defendant"), responds to the allegations of the Plaintiff's Complaint as follows:

### INTRODUCTION

1.      This paragraph calls for a conclusion of law, and thus, no response is required. To the extent a response is deemed necessary, the Defendant denies all allegations in this paragraph of the plaintiff's Complaint.

1131782v1

2.     This paragraph calls for a conclusion of law, and thus, no response is required. To the extent a response is deemed necessary, the Defendant denies all allegations in this paragraph of the plaintiff's Complaint.

## JURISDICTION AND VENUE

3.     This paragraph calls for a conclusion of law, and thus, no response is required. To the extent a response is deemed necessary, the Defendant denies any and all allegations of wrongdoing.

4.     This paragraph calls for a conclusion of law, and thus, no response is required. To the extent a response is deemed necessary, the Defendant denies any and all allegations of wrongdoing.

## THE PARTIES

5.     The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

6.     The allegations set forth in this paragraph do not pertain to this Defendant, and thus, no response it required.

7.     The allegations set forth in this paragraph do not pertain to this Defendant and thus, not response is required.  To the extent a response is deemed necessary, the Defendant denies any and all allegations of wrongdoing.

8.     The allegations set forth in this paragraph do not pertain to this Defendant and thus, not response is required.  To the extent a response is deemed necessary, the Defendant denies any and all allegations of wrongdoing.

9.     The Defendant admits that she is the Health Services Administrator at MCI-Norfolk, with an office located at 2 Clark Street, P.O. Box 43, Norfolk, MA 02056.  The Defendant denies the remaining allegations set forth in this paragraph of the plaintiff's Complaint.

10.     This paragraph calls for a conclusion of law, and thus, no response is required. To the extent a response is deemed necessary, the Defendant denies any and all allegations of wrongdoing.

## HEPATITIS C VIRUS GENERALLY

11.     This paragraph does not set forth any factual allegations against the Defendant, and thus, no response is required.  To the extent a response is deemed necessary, the Defendant denies any and all allegations of wrongdoing.

12.    This paragraph does not set forth any factual allegations against the Defendant, and thus, no response is required.  To the extent a response is deemed necessary, the Defendant denies any and all allegations of wrongdoing.

13.    This paragraph does not set forth any factual allegations against the Defendant, and thus, no response is required.  To the extent a response is deemed necessary, the Defendant denies any and all allegations of wrongdoing.

## THE FACTS

14.    The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

15.    This paragraph does not set forth any factual allegations against the Defendant, and thus, no response is required.  To the extent a response is deemed necessary, the Defendant denies any and all allegations of wrongdoing.

16.    The Defendant admits only that at certain periods of time the University of Massachusetts Medical School provided certain medical services to inmates within the facilities of the Department of Correction.  The Defendant further admits that there was a contract for such services effective January 1, 2003.  The Defendant denies the remaining allegations set forth in this paragraph of the plaintiff's Complaint.

17.    This paragraph does not set forth any factual allegations against the Defendant, and thus, no response is required.  To the extent a response is deemed necessary, the Defendant denies any and all allegations of wrongdoing.

18.    This paragraph does not set forth any factual allegations against the Defendant, and thus, no response is required.  To the extent a response is deemed necessary, the Defendant denies any and all allegations of wrongdoing.

19.    This paragraph does not set forth any factual allegations against the Defendant, and thus, no response is required.  To the extent a response is deemed necessary, the Defendant denies any and all allegations of wrongdoing.

20.    This paragraph does not set forth any factual allegations against the Defendant, and thus, no response is required.  To the extent a response is deemed necessary, the Defendant denies any and all allegations of wrongdoing.

21.    This paragraph does not set forth any factual allegations against the Defendant, and thus, no response is required.  To the extent a response is deemed necessary, the Defendant denies any and all allegations of wrongdoing.

1131782v1

## EXHAUSTION OF REMEDIES

22.    The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.  To the extent this paragraph alleges any negligence or wrongdoing on the part of this Defendant, the allegations are denied.

23.    The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.  To the extent this paragraph alleges any negligence or wrongdoing on the part of this Defendant, the allegations are denied.

24.    The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.  To the extent this paragraph alleges any negligence or wrongdoing on the part of this Defendant, the allegations are denied.

25.    The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.  To the extent this paragraph alleges any negligence or wrongdoing on the part of this Defendant, the allegations are denied.

26.    (There is no paragraph 26)

27.    The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.  To the extent this paragraph alleges any negligence or wrongdoing on the part of this Defendant, the allegations are denied.

28.    The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.  To the extent this paragraph alleges any negligence or wrongdoing on the part of this Defendant, the allegations are denied.

29.    The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.  To the extent this paragraph alleges any negligence or wrongdoing on the part of this Defendant, the allegations are denied.

30.    The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.  To the extent this paragraph alleges any negligence or wrongdoing on the part of this Defendant, the allegations are denied.

31.    The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.  To the extent this paragraph alleges any negligence or wrongdoing on the part of this Defendant, the allegations are denied.

32.    The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.  To the extent this paragraph alleges any negligence or wrongdoing on the part of this Defendant, the allegations are denied.

1131782v1

33.     The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.  To the extent this paragraph alleges any negligence or wrongdoing on the part of this Defendant, the allegations are denied.

34.     The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.  To the extent this paragraph alleges any negligence or wrongdoing on the part of this Defendant, the allegations are denied.

35.     The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.  To the extent this paragraph alleges any negligence or wrongdoing on the part of this Defendant, the allegations are denied.

CAUSES OF ACTION
COUNT ONE
42 U.S.C. SECTION 1983

36.     The Defendant repeats and reavers its responses to Paragraphs 1 through 35 as if fully set forth herein.

37.     The Defendant denies the allegations set forth in this paragraph of the plaintiff's Complaint.

38.     The Defendant denies the allegations set forth in this paragraph of the plaintiff's Complaint.

39.     The Defendant denies the allegations set forth in this paragraph of the plaintiff's Complaint.

40.     The Defendant denies the allegations set forth in this paragraph of the plaintiff's Complaint.

41.     The Defendant denies the allegations set forth in this paragraph of the plaintiff's Complaint.  The Defendant also denies that the Plaintiff is entitled to the relief requested.

WHEREFORE, the Defendant requests that Count One of the Complaint be dismissed, and that it be awarded costs, attorneys' fees and such other further relief as this Court deems just and proper.

COUNT TWO
42 U.S.C. SECTION 12132

42.     The Defendant repeats and reavers its responses to Paragraphs 1 through 41 as if fully set forth herein.

43.     The Defendant denies the allegations set forth in this paragraph of the plaintiff's Complaint.

1131782v1

44.    The Defendant denies the allegations set forth in this paragraph of the plaintiff's Complaint.

45.    The Defendant denies the allegations set forth in this paragraph of the plaintiff's Complaint.

WHEREFORE, the Defendant requests that Count Two of the Complaint be dismissed, and that it be awarded costs, attorneys' fees and such other further relief as this Court deems just and proper.

<u>DEMANDS FOR RELIEF</u>

The Defendant denies that the plaintiff is entitled to any of the relief requested in paragraphs A-F or to recovery in any amount.

**<u>THIRD DEFENSE</u>**

The Defendant denies that the plaintiff is entitled to any of the relief requested in her Complaint.

**<u>FOURTH DEFENSE</u>**

By way of affirmative defense, the Defendant says that if the plaintiff suffered injuries or damage, as alleged, such injuries or damage were caused by someone for whose conduct this Defendant was not and is not legally responsible.

**<u>FIFTH DEFENSE</u>**

By way of affirmative defense, the Defendant says that the action is barred by the applicable statutes of limitations.

**<u>SIXTH DEFENSE</u>**

By way of affirmative defense, the Defendant says that the action should be dismissed because of lack of jurisdiction over the Defendant.

**<u>SEVENTH DEFENSE</u>**

By way of affirmative defense, the Defendant says that the plaintiff, by her conduct and actions and/or the conduct and actions of her agents and servants, is estopped to recover any judgment against the Defendant.

**<u>EIGHTH DEFENSE</u>**

By way of affirmative defense, the Defendant says that the plaintiff, by her conduct and actions and/or the conduct and actions of her agents and servants, have waived any and all rights she may have had against the Defendant, and, therefore, the plaintiff cannot recover in this action.

1131782v1

## NINTH DEFENSE

By way of affirmative defense, the Defendant says that the plaintiff consented to the Defendant's alleged conduct, acts and statements and, therefore, the plaintiffs cannot recover.

## TENTH DEFENSE

By way of affirmative defense, the Defendant says that it is protected from liability by qualified immunity for any of the matters raised in the plaintiff's Complaint.

## ELEVENTH DEFENSE

By way of affirmative defense, the Defendant says that the plaintiff failed to properly present his claim pursuant to the requirements of the Massachusetts Tort Claims Act M.G.L. c. 258 § 4.

## TWELFTH DEFENSE

By way of affirmative defense, the Defendant says that the plaintiff failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997 (e)(a).

WHEREFORE, the Defendant requests that all counts of the Complaint be dismissed and that it be awarded costs, attorney's fees and such further relief as this Court deems appropriate.

## JURY TRIAL DEMAND

The Defendant demands a trial by jury as to all issues to which it is entitled as a matter of right.

Respectfully submitted,
The Defendant,
DONNA JURDAK, R.N.
By her attorneys,

I hereby certify that a true copy of the above document was served upon (each party appearing pro se and) the attorney of record for each (other) party by mail on this 18th ,day of March, 2005

/s/ James A. Bello

James A. Bello

/s/ James A. Bello

James A. Bello, BBO# 633550
Jason W. Crotty, BBO#
MORRISON MAHONEY LLP
250 Summer Street
Boston, MA 02210
(617) 439-7500

7

1131782v1