UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

KERRY M. CASTELLO,         )
                           )
           Plaintiff,      )      C.A. NO. 05-10206-JLT
     v.                    )
                           )
SUSAN J. MARTIN, et al.,   )
                           )
           Defendants.     )

### MEMORANDUM OF LAW
### IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
### AGAINST THE DEFENDANT, ARTHUR BREWER, M.D., AS TO
### COUNT ONE OF THE VERIFIED COMPLAINT

Plaintiff Kerry M. Castello submits this Memorandum of Law in support of the Motion for Summary Judgment Against the Defendant, Arthur Brewer ("Brewer"), M.D., as to Count One of the Verified Complaint.

### SUMMARY JUDGMENT STANDARD

Summary judgment is intended "to pierce the pleadings and to asses the proof in order to see whether there is a genuine need for trial." O'Hara v. Memino, 312 F.Supp.2d 99, 100 (D.Mass. 2004)(citing Podiatrist Ass'n, Inc. v. La Cruz Azul De Puerto Rico, Inc., 332 F.3d 6, 12 (1st Cir. 2003)(citing Garside v. Osco Drug, Inc., 895 F.2d 46, 50 (1st Cir. 1990)(quoting Fed. R. Civ. P. 56 Advisory Committee's note). The moving party bears the burden of showing that no genuine issue of material fact exists and that the movant is entitled to summary judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 322-24 (1986). Once this is done, the nonmoving party must "set forth specific

facts demonstrating that there is a genuine issue for trial." Oliver v. Digital Equipment Corp., 846 F.2d 103, 105 (1st Cir. 1988).

When ruling on a motion for summary judgment, the Court must examine the record and view all the facts and inferences therefrom in the light most favorable to the nonmoving party. See Continental Cas. Co. v. Canadian Universal Ins. Co., 924 F.2d 370, 373 (1st Cir. 1991). After completion, Rule 56(c) requires that summary judgment be granted if " there is no issue as to any material fact and that the moving party is entitled to judgment as a matter of law." If "judgment is not rendered upon the whole case or for all the relief asked and a trial is necessary," Rule 56(d) authorizes the Court to "ascertain what material facts exist without substantial controversy and what material facts are in good faith controverted." The Court may then issue an order "directing such further proceedings in the action as are just." Id. Rule 56(d) purports to "narrow the factual issues for trial." Rivera-Flores v. Puerto Rico Tel. Co., 64 F.3d 742, 747 (1st Cir. 1995).

## ARGUMENT

I. **BREWER IS ACTING WITH A DELIBERATE INDIFFERENCE TO PLAINTIIFF'S SERIOUS MEDICAL NEEDS IN VIOLATION OF THE EIGHTH AMENDMENT TO THE UNITED STATES CONSTITUTION.**

   A. The Eighth Amendment To The United States Constitution Gives Plaintiff The Right To Adequate Medical Care For Serious Illness Or Injury.

The Eighth Amendment to the United States Constitution gives prisoners the right to adequate medical care for serious illness or injury. See Estelle v. Gamble, 429 U.S. 97, 103-104 (1976).

In Estelle the Court wrote that the "denial of medical care may result in pain and suffering which no one suggests would serve any penological purpose." Id. at 103. This means that administrative officials may not deny prisoners medical care as a means of saving money.[1] Furthermore, "the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." Helling v. McKinney, 509 U.S. 25, 31 (1993).

Here, Plaintiff alleges in his Verified Complaint that Brewer deprived him of his right, guaranteed under the Eighth Amendment to the United States Constitution and made applicable to the state through the Fourteenth Amendment, to be free from cruel and unusual punishment (V. Complaint at ¶ 39). The operative fact giving rise to this claim is Brewer's failure to provide Plaintiff with the medications recommended by his doctors for treatment of his chronic hepatitis C infection; thus, subjecting Plaintiff to the symptoms of the disease and the substantial risk of serious future harm (V. Complaint at ¶¶ 19-41). See Farmer v. Brennan, 511 U.S. 825, 843 (1994); Helling v. McKinney, 509 U.S. 25, 35 (1993).

Plaintiff will first show that hepatitis C is a serious condition. "The hepatitis C virus is one of the most important causes of chronic liver disease in the United States." Current

---

[1] Under the term and conditions of the contract agreement between the University of Massachusetts Medical School ("UMass") and the Massachusetts Department of Correction, UMass has the sole responsibility for providing prisoners with adequate medical care (R. 56(e) Aff. at Tab One, p. 22; R. 56(e) Aff. at Tab Two, p. 32).

Disease Management, 2003 (Second R. 56(e) Aff. at Tab One, p. 1). When a patient developes a chronic hepatitis C infection, it "can cause cirrhosis, liver failure, and liver cancer." Id. Compare American Medical Association Complete Medical Encyclopedia, 2003, p. 663 ("complications of chronic HCV include CIRRHOSIS, liver failure, and an increased risk for liver cancer."). In Johnson v. Wright, 234 F.Supp.2d 352, 360 (S.D.N.Y. 2002), the court stated that "[h]epatitis C qualifies as a serious condition for purposes of an Eighth Amendment analysis." Therefore, Plaintiff is entitled to the protection under the Eighth Amendment and this Court may conduct an analysis of his claim and examine each element.

**B. Brewer Is Acting "Under Color Of" State Law.**

Brewer is an employee of the University of Massachusetts Medical School ("UMass") and Medical Director of the UMass Correctional Health Program (R. 56(e) Aff. at Tab One, pp. 23, 25-47; R. 56(e) Aff. at Tab Two, pp. 36-49; V. Complaint at Ex. G, pp. 1-7). He is providing health services to the Massachusetts prison population (R. 56(e) Aff. at ¶¶ 2-4). It is undisputable that Brewer is acting "under color of" state law.

Plaintiff releys on various authorities citing Richardson v. McKnight, 521 U.S. 399 (1997)(holding that prison guards employed by private prison management firms are not entitled to qualified immunity from § 1983 claims); West v. Atkins, 487 U.S. 42, 54 (1988)(a physician under contract with a state to provide medical services to prisoners at a state prison hospital "acts under color of state law"); Conner v. Donnelly, 42 F.3d 220 (4th Cir. 1994)(finding that a private physician acted "under color of state law," despite having no contractual relationship with state

4

to provide medical services); Ancata v. Prison Health Services, 769 F.2d 700 (11th Cir. 1985) (holding that although prison health services were not public employees strictly speaking, state action was clearly present).

**C. Plaintiff Has A Serious Medical Need.**

The Court of Appeals for the First Circut has stated that "[a] serious medical need 'is one that has been diagnosed by a physician as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" Mahan v. Plymouth County House of Corrections, 64 F.3d 14, 18 (1st Cir. 1995), quoting Gaudrealt v. Municipality of Salem, Mass., 923 F.2d 203, 208 (1st Cir. 1990). And as previously noted, hepatitis C is a serious condition. Plaintiff was diagnosed as having chronic hepatitis C (V. Complaint at ¶ 18). His doctors have recommended that he be treated with Pegylated Interferon and Ribavirin (V. Complaint at ¶ 19). According to Mahan, supra, Plaintiff has a "serious medical need." Furthermore, if Plaintiff does not receive the medications it will lead him to suffer serious damage to his liver, e.g., cirrhosis, liver cancer, and eventually liver failure.

Plaintiff provides additional support citing Johnson v. Wright, 234 F.Supp.2d 352, 360 (finding that plaintiff's allegations were "sufficient to demonstrate that he had a 'serious medical need' that was not being addressed by Interferon alone."); Current Disease Management, NDDIC 2003 ("Hepatitis C causes an estimated 10,000 to 12,000 deaths annually in the United States.")(Second R. 56(e) Aff. at    Tab One, p. 1); The Cornell Illustrated

Encyclopedia of Health, 2002, p. 593 ("Untreated chronic active hepatitis C often ends in deterioration of liver function and, eventually, death."); NIH Conference Statement, 2002 ("Patients with chronic HCV can present with extrahepatic manifestations or syndromes considered to be of immunologic origin, such as rheumatoid symptoms, keratoconjunctivitis sicca, lichen planus, glomerulonephritis, lymphoma, and essential mixed cryoglobullinemia") (R. 56(e) Aff. at Tab Three, p. 8); American Medical Association Complete Medical Encyclopedia, 2003, p. 663 ("symptoms include nausea, loss of appetite, muscle and joint pain, fatigue, weakness, and low grade fever. As time goes on, an enlarged liver and jaundice can develope. Dark urine, pale stools, and itching may accompany jaundice. Rashes and memory loss develope in some chronic cases.").

### D. Brewer Has Actual Knowledge Of Plaintiff's Serious Medical Need And He Has Failed To Provide Plaintiff With Adequate Treatment.

Plaintiff now has the burden of showing that Brewer has actual knowledge of and has disregarded "an excessive risk to [Plaintiff's] health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994)(citation omitted). As previously noted, Plaintiff has been diagnosed as having chronic hepatitis C and his doctors have recommended treatment (V. Complaint at ¶¶ 18-19). Plaintiff subsequently signed the Peg-Intron enrollment form, and said form was forwarded to Brewer for final authorization (V. Complaint at ¶ 20). More than eight months passed and Plaintiff did not receive the medications. Therefore, he initiated and exhausted each available administrative remedy (V. Complaint at ¶¶ 21-35). The record shows that, in fact, Brewer has actual knowledge of Plaintiff's serious medical need, and he has failed to provide

Plaintiff with adequate treatment based on budget constraints (V. Complaint at Ex. E, p. 2; Second R. 56(e) Aff. at ¶¶ 4-7).

Furthermore, Brewer's letter dated February 2, 2005, proves that he is deliberately defying the recommendations of Plaintiff's doctors (Second R. 56(e) Aff. at ¶¶ 10-11). Under the test in Farmer, supra at 837, Brewer is sufficiently culpable. "when a supervisory official is placed on actual notice of a prisoner's need for physical protection or medical care, administrative negligence can rise to the level of deliberate indifference to or reckless disregard for the prisoner's safety." Navedo v. Maloney, 172 F.Supp.2d 276, 284 (D.Mass. 2001), quoting Layne v. Vinzant, 657 F.2d 486, 471 (1st Cir. 1981). Here, Brewer is subjectively aware of Plaintiff's serious medical needs, and he has failed to provide adequate treatment, i.e., providing him with the medications recommended by his doctors. Acording to the Court of Appeals for the First Circut, Brewer is acting with deliberate indifference to the Plaintiff's serious medical needs. See Mahan v. Plymouth County House of Corrections, 64 F.3d 14, 18 (1st Cir. 1995); see also Johnson v. Wright, 234 F.Supp.2d 352, 361 (S.D.N.Y. 2002)("prison doctors may be held liable for a failure to provide medical care recommended by other doctors."); Zentmyer v. Kendall, 220 F.3d 805, 812 (7th Cir. 2000)("If a defendant consciously chose to disregard a nurse or doctor's directions in the face of medical risks, then he may well have exhibited the necessary deliberate indifference.").

In the landmark opinion of Estelle v. Gamble, 429 U.S. 97, 104-05 (1976), the Court concluded "that deliberate indifference to serious medical needs of prisoners constitutes

7

the 'unnecessary and wanton infliction of pain,' Gregg v. Georgia, 428 U.S. 153, 182-83 (1976), proscribed by the Eighth Amendment. This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed. Regardless of how evidenced, deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983."

### E. Brewer's Deliberate Indifference To Plaintiff's Serious Medical Needs Has Caused Plaintiff To Suffer From The Symptoms Of The Disease, And He Is Being Subjected To A Substantial Risk Of Serious Harm To His Future Health.

Plaintiff has been and is presently suffering from fatigue, skin rashes, and aches and pains in his joints and muscles (v. Complaint at ¶¶ 39, 40; Second R. 56(e) Aff. at ¶¶ 12-13). He has previously established that these are the symptoms of chronic hepatitis C. There can be no dispute to the fact that hepatitis C is a serious medical condition. There can be no dispute to the fact that Plaintiff has a serious medical need. Brewer's failure to provide Plaintiff with the medications recommended by his doctors has subjected him to a substantial risk of serious harm to his future health. Without the medications Plaintiff will continue to suffer from the symptoms of the disease and it will lead him to suffer serious damage to his liver, e.g., cirrhosis, liver cancer, and eventually liver failure.

Plaintiff is constitutionally protected under the Eighth Amendment from the denial of adequate health care. Rhodes v. Chapman, 452 U.S. 337, 347 (1981); Estelle v. Gamble, 429 U.S.

8

97, 103-04 (1976). In <u>Helling</u> v. <u>McKinney</u>, 509 U.S. 25, 32-33 (1993), the Court established that the Eighth Amendment also protects prisoners from damage to their future health. Here, Plaintiff is exposed to a substantial "risk to serious damage to his future health," <u>id.</u> at 35, and he is therefore entitled to the protection under the Eighth Amendment. See <u>Morales Feliciano</u> v. <u>Rossello Gonzales</u>, 13 F.Supp.2d 151, 208 (D.Puerto Ricco 1998) ("the inability of health care personnel to treat Hepatitis C ... inflicts cruel and unusual punishment on particular individuals at present, endangers their health in the future and threatens the health of all members of the class."); <u>Farmer</u> v. <u>Brennan</u>, 511 U.S. 825, 843-44 (1994)("the Eighth Amendment requires a remedy for exposure of inmates to 'infectious maladies' such as hepatitis...")(quoting <u>Helling</u>, <u>supra</u>, at 33); cf. <u>Johnson</u> v. <u>Wright</u>, 234 F.Supp.2d 352, 360 (S.D.N.Y. 2002).

## CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that the Court enter summary judgment at its discretion as to Count One of the verified Complaint.

Respectfully submitted,

Date: May 11, 2005

Kerry M. Castello, Pro Se
P.O. Box 43
Norfolk, MA 02056

9

## CERTIFICATE OF SERVICE

I, Kerry M. Castello, hereby certify that a true copy of the above document was served upon each attorney of record for each other party by mail, first class, postage prepaid on this _11th_ day of _May_, 2005.

                                                            Kerry M. Castello, Pro Se