UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

KERRY M. CASTELLO,                )
                                  )
          Plaintiff,              )    C.A. NO. 05-10206-JLT
     v.                           )
                                  )
SUSAN J. MARTIN, et al.,          )
                                  )
          Defendants.             )

### STATEMENT OF MATERIAL FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT AGAINST THE DEFENDANT, ARTHUR BREWER, M.D., AS TO COUNT ONE OF THE VERIFIED COMPLAINT

1. The University of Massachusetts Medical School ("UMass") contracted with the Massachusetts Department of Correction to provide comprehensive medical services to the Massachusetts prison population that meets the community standard of care (see R. 56(e) Aff. at ¶¶ 2-4).

2. Defendant Arthur Brewer ("Brewer"), M.D., is an employee of UMass and Medical Director of the UMass Correctional Health Program (see R. 56(e) Aff. at Tab One, pp. 23, 25-47; see also R. 56(e) Aff. at Tab Two, pp. 24-50; V. Complaint at Ex. G, pp. 1-7).

3. At all relevant times to the events described in Plaintiff's Verified Complaint, Brewer has acted under color of state law and he continues to act under color of state law (see R. 56(e) Aff. at ¶¶ 2-4; see also V. Complaint at Ex. G, pp. 1-7; Second R. 56(e) Aff. at ¶¶ 10-11).

4. Hepatitis C is a serious medical condition (see R. 56(e) Aff. at ¶¶ 5-6; see also R. 56(e) Aff. at ¶¶ 7-8; Second R. 56(e)

Aff. at ¶¶ 2-3; <u>The Cornell Illustrated Encyclopedia of Health</u>, 2002, p. 593; <u>American Medical Association Complete Medical Encyclopedia</u>, 2003, p. 663.

    5. On June 10, 2003, Dr. Anjali Andalkar diagnosed Plaintiff as having chronic hepatitis C (see V. Complaint at Ex. C, p. 1).

    6. On July 17, 2003, Dr. Raymond S. Koff recommended that Plaintiff be treated with Pegylated Interferon and Ribavirin (see V. Complaint at Ex. D. p. 1).

    7. On October 15, 2003, Dr. Ewa Preneta recommended that Plaintiff be treated with Pegylated Interferon and Ribavirin (see V. Complaint at Ex. D, p. 2).

    8. On October 21, 2003, Plaintiff signed the treatment enrollment form (consent form) (see V. Complaint at Ex. E, p. 1).

    9. On November 9, 2003, Dr. Stephen J. Drewniak recommended that Plaintiff be treated with Pegylated Interferon and Ribavirin (see V. Complaint at Ex. D, p. 3).

    10. Brewer has authorization to approve medication orders for Pegylated Interferon and Ribavirin (see V. Complaint at Ex. E, p. 2).

    11. Patients are selected for treatment based on the funds available to purchase the medications (see V. Complaint at Ex. E, p. 2; see Second R. 56(e) Aff. at ¶¶ 4-7).

    12. Brewer is aware of Plaintiff's serious medical condition (see V. Complaint at ¶¶ 23, 28, 33; see also Second R. 56(e) Aff. at ¶¶ 10-11).

    13. Brewer is aware that Plaintiff's doctors have recommended

that he be treated with Pegylated Interferon and Ribavirin (see V. Complaint at ¶¶ 23, 28, 33; see also Second R. 56(e) Aff. at ¶¶ 10-11).

14. Brewer is aware of Plaintiff's serious medical needs.

15. Brewer is aware that, by failing to provide the medicatios, he is acting with a deliberate indifference to Plaintiff's serious medical needs in violation of the Eighth Amendment to the United States Constitution (see V. Complaint at ¶¶ 23, 28, 33; see also Second R. 56(e) Aff. at ¶¶ 10-11).

16. Brewer has failed to provide Plaintiff with the medications recommended by his doctors (see Second R. 56(e) Aff. at ¶¶ 10-11).

17. Plaintiff is suffering from the symptoms of fatigue, skin rashes, and aches and pains in his joints and muscles (see Second R. 56(e) Aff. at ¶¶ 3-4; Second R. 56(e) Aff. at ¶¶ 12-13; V. Complaint at ¶¶ 38, 40).

18. Without the medications Plaintiff will continue to suffer from the symptoms of the disease and it will lead him to suffer serious damage to his liver, e.g., cirrhosis, liver cancer, and eventually liver failure (see Second R. 56(e) Aff. at ¶¶ 2-3).

19. Plaintiff is being subjected to an excessive risk of serious damage to his future health.

20. Brewer is acting with a deliberate indifference to Plaintiff's serious medical needs.

Respectfully submitted,

Date: May 11, 2005

Kerry M. Castello, Pro Se
P.O. Box 43
Norfolk, MA 02056

4

## CERTIFICATE OF SERVICE

I, Kerry M. Castello, hereby certify that a true copy of the above document was served upon each attorney of record for each other party by mail, first class, postage prepaid on this 11th day of May, 2005.

_____
Kerry M. Castello, Pro Se