UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

KERRY M. CASTELLO,        )
                          )
         Plaintiff,       )   C.A. NO. 05-10206-JLT
     v.                   )
                          )
SUSAN J. MARTIN, et al., )
                          )
         Defendants.      )

**STATEMENT OF MATERIAL FACTS
IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
AGAINST THE DEFENDANT, AARON LAZARE, M.D., AS TO
COUNT ONE OF THE VERIFIED COMPLAINT**

1. Defendant Aaron Lazare ("Lazare"), M.D., is the Chancellor and Dean of the University of Massachusetts Medical School ("UMass") (see R. 56(e) Aff. at Tab One, pp. 1-2).

2. In May of 2002 Lazare submitted a contract proposal to the Massachusetts Department of Correction ("DOC"). Acting on behalf of UMass, Lazare offered to provide comprehensive medical services to the Massachusetts prison population (see R. 56(e) Aff. at ¶¶ 2-3).

3. UMass contracted with the DOC to provide comprehensive medical services to the Massachusetts prison population, effective January 1, 2003 (see R. 56(e) Aff. at ¶¶ 4-6).

4. At all relevant times to the events described in Plaintiff's verified Complaint, Lazare has acted under color of state law and he continues to act under color of state law (see R. 56(e) Aff. at ¶¶ 4-6).

5. Hepatitis C is a serious medical condition (see R. 56(e) Aff. at ¶¶ 7-8; see also R. 56(e) Aff. at ¶¶ 9-10; Second R. 56(e)

Aff. at ¶¶ 2-3: <u>The Cornell Illustrated Encyclopedia of Health</u>, 2002, p. 593; <u>American Medical Association Complete Medical Encyclopedia</u> 2003, p. 663.

    6. On June 10, 2003, Dr. Anjali andalkar diagnosed Plaintiff as having chronic hepatitis C (see V. Complaint at Ex. C, p. 1).

    7. On July 17, 2003, Dr. Raymond S. Koff recommended that Plaintiff be treated with Pegylated Intereferon and Ribavirin (see V. Complaint at Ex. D, p.1).

    8. On October 15, 2003, Dr. Ewa Preneta recommended that Plaintiff be treated with Pegylated Interferon and Ribavirin (see V. Complaint at Ex. D, p. 2).

    9. On October 21, 2003, Plaintiff signed the treatment enrollment form (consent form) (see V. Complaint at Ex. E, p. 1).

    10. On November 9, 2003, Dr. Stephen J. Drewniak recommended that Plaintiff be treated with Pegylated Intereferon and Ribavirin (see V. Complaint at Ex. D, p. 3).

    11. Defendant Arthur Brewer ("Brewer"), M.D., has authorization to approve medication orders for Pegylated Interferon and Ribavirin (see V. Complaint at Ex. E, p. 2).

    12. Brewer is an employee of UMass and Medical Director of the UMass Correctional Health Program (see R. 56(e) Aff. at Tab Two, pp. 23, 25-47; See also R. 56(e) Aff. at Tab Three, pp. 24-50; V. Complaint at Ex. G, pp. 1-7).

    13. Lazare has the authority and exclusive rights for employing and terminating personnel working in the UMass Correctional Health Program (see R. 56(e) Aff. at Tab Two, p. 36).

14. Lazare has an obligation to meet the terms of the contract between UMass and the DOC. Specifically, to provide inmates with quality health care in accordance with community standards (see R. 56(e) Aff. at Tab Three, pp. 31-32).

15. Lazare is aware that hepatitis C is a serious medical condition.

16. Lazare is aware that Plaintiff's doctors have recommended that he be treated with Pegylated Interferon and Ribavirin (see V. Complaint at ¶¶ 25, 28).

17. Lazare is aware that, by failing to provide the medications, he is acting with a deliberate indifference to Plaintiff's serious medical needs in violation of the Eighth Amendment to the United States Constitution (see V. Complaint at ¶¶ 25, 28).

18. Lazare has failed to take reasonable measures to assist Plaintiff to obtain the medications recommended by his doctors.

19. Plaintiff is suffering from the symptoms of fatigue, skin rashes, and aches and pains in his joints and muscles (see Second R. 56(e) Aff. at ¶¶ 2-3; Second R. 56(e) Aff. at ¶¶ 10-11; V. Complaint at ¶¶ 38, 40).

20. Without the medications Plaintiff will continue to suffer from the symptoms of the disease and it will lead him to suffer serious damage to his liver, e.g. cirrhosis, liver cancer, and eventually liver failure (see Second R. 56(e) Aff. at ¶¶ 2-3).

21. Plaintiff is being subjected to an excessive risk of serious damage to his future health.

22. Lazare is acting with a deliberate indifference to Plaintiff's serious medical needs.

4

Respectfully submitted,

Date: May 11, 2005

_____
Kerry M. Castello, Pro Se
P.O. Box 43
Norfolk, MA 02056

## CERTIFICATE OF SERVICE

I, Kerry M. Castello, hereby certify that a true copy of the above document was served upon each attorney of record for each other party by mail, first class, postage prepaid on this __11th__ day of ____May____, 2005.

_____
Kerry M. Castello, Pro Se