UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

KERRY M. CASTELLO,                )
                                  )
        Plaintiff,                )   C.A. NO. 05-10206-JLT
    v.                            )
                                  )
SUSAN J. MARTIN, et al.,          )
                                  )
        Defendants.               )

### STATEMENT OF MATERIAL FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT AGAINST THE DEFENDANT, DONNA JURDAK, R.N., AS TO COUNT ONE OF THE VERIFIED COMPLAINT

1. The University of Massachusetts Medical School ("UMass") contracted with the Massachusetts Department of Correction to provide comprehensive medical services to the Massachusetts prison population that meets the community standard of care (see R. 56(e) Aff. at ¶¶ 2-4).

2. Defendant Donna Jurdak ("Jurdak"), R.N., is an employee of UMass and Health Services Administrator at the Massachusetts Correctional Institution Norfolk (see R. 56(e) Aff. at Tab One, pp. 23, 25-47; see also R. 56(e) Aff. at Tab Two, pp. 24-50; V. Complaint at Ex. L, p. 1).

3. At all relevant times to the events described in Plaintiff's Verified Complaint, Jurdak has acted under color of state law and she continues to act under color of state law (see R. 56(e) Aff. at ¶¶ 2-4).

4. Hepatitis C is a serious medical condition (see R. 56(e) Aff. at ¶¶ 5-6; see also R. 56(e) Aff. at ¶¶ 7-8; Second R. 56(e) Aff. at ¶¶ 2-3: The Cornell Illustrated Encyclopedia of Health,

2002, p. 593; <u>American Medical Association Complete Medical Encyclopedia</u>, 2003, p. 2003, p. 663.

   5. Jurdak is aware that hepatitis C is a serious medical condition.

   6. On June 10, 2003, Dr. Anjali Andalkar diagnosed Plaintiff as having chronic hepatitis C (see V. Complaint at Ex. C, p. 1).

   7. On July 17, 2003, Dr. Raymond S. Koff recommended that Plaintiff be treated with Pegylated Interferon and Ribavirin (see V. Complaint at Ex. D, p. 1).

   8. On October 15, 2003, Dr. Ewa Preneta recommended that Plaintiff be treated with Pegylated Interferom and Ribavirin (see V. Complaint at Ex. D, p. 2).

   9. On October 21, 2003, Plaintiff signed the treatment enrollment form (consent form)(see V. Complaint at Ex. E, p. 1).

   10. On November 9, 2003, Dr. Stephen J. Drewniak recommended that Plaintiff be treated with Pegylated Interferon and Ribavirin (see V. Complaint at Ex. D, p. 3).

   11. Jurdak failed to respond to Plaintiff's requests for the medications recommended by his doctors (see Second R. 56(e) Aff. at ¶¶ 8-9).

   12. Jurdak was aware that, by failing to take reasonable measures to assist Plaintiff to obtain the medications, she was acting with a deliberate indifference to his serious medical needs in violation of the Eighth Amendment to the United States Constitution (see V. Complaint at ¶¶ 22, 28, 32).

   13. Jurdak failed to take reasonable measures to assist Plaintiff to obatin the medications recommended by his doctors

3

V. Complaint at ¶¶ 22, 23, 32).

14. Plaintiff is suffering from the symptoms of fatigue, skin rashes, and aches and pains in his joints and muscles (see Second R. 56(e) Aff. at ¶¶ 3-4; Second R. 56(e) Aff. at ¶¶ 12-13; V. Complaint at ¶¶ 38, 40).

15. Without the medications Plaintiff will continue to suffer from the symptoms of the disease and it will lead him to suffer serious damage to his liver, e.g., cirrhosis, liver cancer, and eventually liver failure (see Second R. 56(e) Aff. at ¶¶ 2-3).

16. Plaintiff is being subjected to an excessive risk of serious damage to his future health.

17. Jurdak acted with a deliberate indifference to Plaintiff's serious medical needs.

Respectfully submitted,

Date: May 11, 2005

_____
Kerry M. Castello, Pro Se
P.O. Box 43
Norfolk, MA 02056

### CERTIFICATE OF SERVICE

I, Kerry M. Castello, hereby certify that a true copy of the above document was served upon each attorney of record for each other party by mail, first class, postage prepaid on this 11th day of May, 2005.

_____
Kerry M. Castello, Pro Se