UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE

2005 MAY 19 P 1:21

U.S. DISTRICT COURT
DISTRICT OF MASS

KERRY M. CASTELLO,            )
                              )
        Plaintiff,            )   C.A. NO. 05-10206-JLT
    v.                        )
                              )
SUSAN J. MARTIN, et al.,      )
                              )
        Defendants.           )

### MEMORANDUM IN OPPOSITION TO DEFENDANT, SUSAN J. MARTIN'S, MOTION FOR SUMMARY JUDGMENT AND IN SUPPORT OF PLAINTIFF'S CROSS MOTION FOR SUMMARY JUDGMENT AS TO COUNT ONE OF THE VERIFIED COMPLAINT

Plaintiff Kerry M. Castello submits this Memorandum in Opposition to Defendant Susan J. Martin's ("Martin") Motion for Summary Judgment and in support of his Cross Motion for Summary Judgment as to Count One of the Verified Complaint.

### ARGUMENT

### I. MARTIN HAS FAILED TO COMPLY WITH LR 56.1 AND HER MOTION FOR SUMMARY JUDGMENT SHOULD BE DENIED.

Local Rule 56.1 provides that: "Motions for summary judgment shall include a concise statement of the material facts of record as to which the moving party contends there is no genuine issue to be tried, with page references to affidavits, depositions and other documentation. Failure to include such a statement constitutes grounds for denial of the motion." Here, Martin moves for summary judgment attempting to use her Affidavit in place of the required LR 56.1 statement. This is prejudicial to Plaintiff, whereas he must follow the Court's procedural rule and prepare the required statement with page references to affidavits and other documentation.

The Court of Appeals for the First Circut in Air Line Pilots

Ass'n v. Precision Valley Aviation, Inc., 26 F.3d 220, 224 (1994), stated that the procedural rules "are vitally important in judges' efforts to manage burgeoning caseloads with some semblance of efficiency." In this case, this Court must decide whether or not it is necessary to enforce the rule. Plaintiff can only point out the fact that the local "rules carry the force of law, and they are binding upon the litigants and upon the [C]ourt itself." Id. Simply put, "[r]ules are rules—and the parties must play by them." Id., quoting Mendez v. Banco Popular de Peurto Rico, 900 F.2d 4, 7 (1st Cir. 1990).

## SUMMARY JUDGMENT STANDARD

Summary judgment is intended "to pierce the pleadings and to asses the proof in order to see whether there is a genuine need for trial." O'Hara v. Menino, 312 F.Supp.2d 99, 100 (D.Mass. 2004)(citing Podiatrist Ass'n, Inc. v. La Cruz Azul De Puerto Rico, Inc., 332 F.3d 6, 12 (1st Cir. 2003)(citing Garside v. Osco Drug, Inc., 895 F.2d 46, 50 (1st Cir. 1990)(quoting Fed. R. Civ. P. 56 Advisory Committee's note). The moving party bears the burden of showing that no genuine issue of material fact exists and that the movant is entitled to summary judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 322-24 (1986). Once this is done, the nonmoving party must "set forth specific facts demonstrating that there is a genuine issue for trial." Oliver v. Digital Equipment Corp., 846 F.2d 103, 105 (1st Cir.1988).

When ruling on a motion for summary judgment, the Court must examine the record and view all the facts and inferences therefrom in the light most favorable to the nonmoving party.

See Continental Cas. Co. v. Canadian Universal Ins. Co., 924 F.2d 370, 373 (1st Cir. 1991). After completion, Rule 56(c) requires that summary judgment be granted if "there is no issue as to any material fact and that the moving party is entitled to judgment as a matter of law." If "judgment is not rendered upon the whole case or for all the relief asked and a trial is necessary, Rule 56(d) authorizes the Court to "ascertain what material facts exist without substantial controversy and what material facts are in good faith controverted." The Court may then issue an order "directing such further proceedings in the action as are just." Id. Rule 56(d) purports to "narrow the factual issues for trial." Rivera-Flores v. Puerto Rico Tel. Co., 64 F.3d 742, 747 (1st Cir. 1995).

## II. MARTIN IS ACTING WITH A DELIBERATE INDIFFERENCE TO PLAINTIFF'S SERIOUS MEDICAL NEEDS IN VIOLATION OF THE EIGHTH AMENDMENT TO THE UNITED STATES CONSTITUTION.

### A. The Eighth Amendment To The United States Constitution Give Plaintiff The Right To Adequate Medical Care For Serious Illness Or Injury.

The Eighth Amendment to the United States Constitution gives prisoners the right to adequate medical care for serious illness or injury. See Estelle v. Gamble, 429 U.S. 97, 103-104 (1976). In Estelle the Court wrote that the "denial of medical care may result in pain and suffering which no one suggests would serve any penological purpose." Id. at 103. This means that administrative officials may not deny prisoners medical care as a means of saving money. Furthermore, "the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." Helling v. McKinney, 509 U.S. 25, 31 (1993).

3

Here, Plaintiff alleges in his Verified Complaint that Martin deprived him of his right, guaranteed under the Eighth Amendment to the United States Constitution and made applicable to the state through the Fourteenth Amendment, to be free from cruel and unusual punishment (V. Complaint at ¶ 39). The operative fact giving rise to this claim is Martin's failure to either provide Plaintiff with or approve the funding for the medications recommended by his doctors for treatment of his chronic hepatitis C infection; thus, subjecting Plaintiff to the symptoms of the disease and the substantial risk of serious future harm (V. Complaint at ¶¶ 19-41). See Farmer v. Brennan, 511 U.S. 825, 843 (1994); Helling v. McKinney, U.S. 25, 35 (1993).

Plaintiff will first show that hepatitis C is a serious condition. "The hepatitis C virus is one of the most important causes of chronic liver disease in the United States." Current Disease Management, 2003 (Second R. 56(e) Aff. at Tab Two, p. 1). When a patient developes a chronic hepatitis C infection, it "can cause cirrhosis, liver failure and liver cancer." Id. Compare American Medical Association Complete Medical Encyclopedia, 2003, p. 663 ("complications of chronic HCV include CIRRHOSIS, liver failure, and an increased risk for liver cancer."). In Johnson v. Wright, 234 F.Supp.2d 352, 360 (S.D.N.Y. 2002), the court stated that "[h]epatitis C qualifies as a serious condition for purposes of an Eighth Amendment analysis." Therefore, Plaintiff is entitled to the protection under the Eighth Amendment and this Court may conduct an analysis of his claim and examine each element.

B. Martin Is Acting "Under Color Of" State Law.

Martin is the Director of the Massachusetts Department of

4

Correction, Health Services Division (V. Complaint at Ex. O, pp. 4-5). She is acting "under color of" state law. There is no dispute to this fact (see Aff. of Martin at p. 1).

**C. Plaintiff Has A Serious Medical Need.**

The Court of Appeals for the First Circut has stated that "[a] serious medical need 'is one that has been diagnosed by a physician as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" Mahan v. Plymouth County House of Corrections, 64 F.3d 14, 18 (1st Cir. 1995), quoting Gaudrealt v. Municipality of Salem, Mass., 923 F.2d 203, 208 (1st Cir. 1990). "The 'seriousness' of an inmates needs may also be determined by reference to the effect of the delay of treatment." Gaudrealt, supra, at 208. Here, Plaintiff was diagnosed as having chronic hepatitis C (V. Complaint at ¶ 18). His doctors have recommended that he be treated with Pegylated Interferon and Ribavirin (v. Complaint at ¶ 19). Since then, Plaintiff has suffered and he continues to suffer from the symptoms of the disease (V. Complaint at ¶¶ 38, 40; Second R. 56(e) Aff. at ¶¶ 12-13). There can be no dispute to the fact that Plaintiff has a serious medical need. Furthermore, if Plaintiff does not receive the medications it will lead him to suffer serious damage to his liver, e.g., cirrhosis, liver cancer, and eventually liver failure.

In McNally v. Prison Health Service, 46 F.Supp.2d 49 (D. Me. 1999), plaintiff brought suit under § 1983 because he was denied his HIV medication for three days and, as a result, he suffered from the symptoms of fever, chills, and vomiting. After review of summary judgment motions, the court found that a

genuine dispute existed "as to whether Plaintiff suffered from a 'serious' medical need." Id. at 55. Moreover, in Johnson v. Wright, 234 F.Supp.2d 352, 360 (S.D.N.Y. 2002), the court found that plaintiff's allegations were "sufficient to demonstrate that he had a 'serious medical need' that was not being addressed by Interferon alone." Here in the instant case, Plaintiff maintains his position that he has a serious medical need.

Plaintiff provides additional support citing Current Disease Management, NDDIC 2003 ("Hepatitis C causes an estimated 10,000 to 12,000 deaths annually in the United States.")(Second R. 56(e) Aff. at Tab Two, p. 1); The Cornell Illustrated Encyclopedia of Health, 2002, p. 593 ("Untreated chronic active hepatitis C often ends in deterioration of liver function and, eventually, death."); NIH Conference Statement, 2002 ("Patients with chronic HCV can present with extrahepatic manifestations or syndromes considered to be of immunologic origin, such as rheumatoid symptoms, keratoconjunctivitis sicca, lichen planus, glomerulonephritis, lymphoma, and essential mixed cryoglobullinemia")(Second R. 56(e) Aff. at Tab One, p. 8); American Medical Association Complete Medical Encyclopedia, 2003, p. 663 ("symptoms include nausea, loss of appetite, muscle and joint pain, fatigue, weakness, and low grade fever. As time goes on, an enlarged liver and jaundice can develope. Dark urine, pale stools, and itching may accompany jaundice. Rashes and memory loss develope in some chronic cases.").

> D. Martin Has Actual Knowledge Of Plaintiff's Serious Medical Need And She Has Failed To Either Provide Plaintiff With Or Approve The Funding For The Medications Recommended By His Doctors.

Plaintiff now has the burden of showing that Martin has actual knowledge of his serious medical need, and that she has failed to respond reasonably by providing Plaintiff with adequate treatment or approving funding for his doctors to provide adequate treatment. See Farmer v. Brennan, 511 U.S. 825 (1994). Martin concedes that she is familiar with Plaintiff and his medical condition (see Aff. of Martin at p. 3). Martin's duty as Director of the Health Services Division is to "develope, administer, and monitor the contract between the DOC and UMass." (Aff. of Martin at p. 2)(alteration). The purpose of developing and monitoring the contract is to insure contract compliance and to control spending. The DOC and UMass have combined their resources to provide prisoners with necessary health care. The DOC contracts separately with the State Office of Pharmacy Services for the supply of all medications (R. 56(e) Aff. at ¶ 7). Martin dictates the total budget for hepatitis C pharmaceutical expenditures. (V. Complaint at Ex. E, p. 2). It is not the decision of one person to provide Plaintiff with the medications. Rather, it is Martin and the Defendant Arthur Brewer, M.D. Martin clearly has the authority to approve the funding for the medications, but she has refused to do so based on budget constraints.

"When a supervisory official is placed on actual notice of a prisoner's need for physical protection or medical care, administrative negligence can rise to the level of deliberate indifference to or reckless disregard for the prisoner's safety." Navedo v. Maloney, 172 F.Supp.2d 276, 284 (D.Mass. 2001), quoting Layne v. Vinzant, 657 F.2d 486, 471 (1st Cir. 1981). There can be no dispute to the fact that Martin is subjectively aware of

of Plaintiff's serious medical need (V. Complaint at ¶¶ 22-34); R. 56(e) Aff. at ¶¶ 6-16). Plaintiff should not be denied the medications based on budget constraints. See Estelle v. Gamble, 429 U.S. 97, 103 (1976). And according to the Court of Appeals for the First Circut, Martin is acting with deilberate indifference to Plaintiff's serious medical needs. See Mahan v. Plymouth County House of Corrections, 64 F.3d 14, 18 (1st Cir. 1995); see also Estelle, supra, at 104-105("[t]his is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed. Reglardless of how evidenced, deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983.").

    E. **Martin's Deliberate Indifference To Plaintiff's Serious Medical Needs Has Caused Plaintiff To Suffer From The Symptoms Of The Disease, And He Is Being Subjected To A Substantial Risk Of Serious Harm To His Future Health.**

Plaintiff has been and is presently suffering from fatigue, skin rashes, and aches and pains in his joints and muscles (V. Complaint at ¶¶ 39, 40; Second R. 56(e) Aff. at ¶¶ 12-13). He has previously established that these are the symptoms of hepatitis C. There can be no dispute to the fact that hepatitis C is a serious medical condition. There can be no dispute to the fact that Plaintiff has a serious medical need (V. Complaint at ¶ 19). Martin's failure to either provide Plaintiff with the medications or approve the funding for the medications has caused Plaintiff to suffer needlessly from the symptoms of the disease, and it has subjected him to a substantial risk of serious harm to his future

health. Without the medications Plaintiff will continue to suffer from the symptoms of the disease and it will lead him to suffer serious damage to his liver, e.g., cirrhosis, liver cancer, and eventually liver failure.

Plaintiff is constitutionally protected under the Eighth Amendment from the denial of adequate health care. Rhodes v. Chapman, 452 U.S. 337, 347 (1981); Estelle v. Gamble, 429 U.S. 97, 103-104 (1976). In Helling v. McKinney, 509 U.S. 25, 32-33 (1993), the Court established that the Eighth Amendment also protects prisoners from damage to their future health. Here, Plaintiff is exposed to a substantial "risk to serious damage to his future health," id. at 35, and he is therefore entitled to the protection under the Eighth Amendment. See Morales Feliciano v. Rossello Gonzales, 13 F.Supp.2d 151, 208 (D. Puerto Rico 1998) ("the inability of health care personnel to treat Hepatitis c ... inflicts cruel and unusual punishment on particular individuals at present, endangers their health in the future and threatens the health of all members of the class."); Farmer v. Brennan, 511 U.S. 825, 843-844 (1994)("the Eighth Amendment requires a remedy for exposure of inmates to 'infectious maladies' such as hepatitis...")(quoting Helling, supra, at 33); cf. Johnson v. Wright, 234 F.Supp.2d 352, 360 (S.D.N.Y. 2002).

III. **MARTIN IS NOT ENTITLED TO QUALIFIED IMMUNITY BECAUSE SHE IS DEPRIVING PLAINTIFF OF ADEQUATE HEALTH CARE AND KNOWINGLY VIOLATING HIS RIGHT TO BE FREE FROM CRUEL AND UNUSUAL PUNISHMENT UNDER THE EIGHTH AMENDMENT TO THE UNITED STATES CONSTITUTION.**

Qualified immunity means that officials will not have to pay money damages if "their conduct does not violate clearly established statutory or constitutional rights of which a

reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1992). Therefore, for Martin to be protected by qualified immunity, she must show either that it was objectively reasonable to believe that her actions did not violate the law or that the law was not clearly established at the time of the violation. Plaintiff makes reference to this as the "objectively reasonable/law unclear" test. This Court has its own such test which is stated in Parker v. Town of Swansea, 310 F.Supp.2d 356 (D. Mass. 2004):

> Determining whether qualified immunity is available to a defendant in a given case requires the court to make a 'trifurcated inquiry.' The first question is whether the plaintiff has alleged the violation of a constitutional right, if so, the court then asks whether the contours of the right were sufficiently established at the time of the alleged violation, and, if so, the final question is whether an objectively reasonable official would have believed that the action taken or omitted violated that right.

Id. at 365 (citations omitted)

In the instant case, Plaintiff alleges in his Verified Complaint that Martin has deprived him of his right, guaranteed under the Eighth Amendment to the United States Constitution and made applicable to the state through the Fourteenth Amendment, to be free from cruel and unusual punishment (V. Complaint at ¶ 39). Next, Plaintiff establishes that he has a right to adequate medical care for his serious illness. Deshaney v. Winnebago County Department of Social Services, 489 U.S. 189, 199-200 (1989); Estelle v. Gamble, 429 U.S. 97, 104 (1976)("it is but just that the public be required to care for the prisoner who cannot by reason of the deprivation of his liberty, care for

10

himself."). Applying the "objectively reasonable/law unclear" test, Plaintiff has answered two of the questions.

Finally, Plaintiff must show that Martin has knowingly violated his constitutional right. See generally Anderson v. Creighton, 483 U.S. 635, 640 (1989); Saucier v. Katz, 533 U.S. 194, 202 (2001). This is not a case of Martin making a bad decision. Indeed, Martin is aware that, by failing to either provide the medications or approve the funding for the medications, she is violating Plaintiff's right to be free from cruel and unusual punishment under the Eighth Amendment to the United States Constitution (V. Complaint at Exs. K-7, O-1, O-2; R. 56(e) Aff. at Tab three, pp. 2-5). Plaintiff has repeatedly aprised Martin of his right to adequate health care, yet she refuses to change her position on the matter and Plaintiff continues to suffer from the symptoms of the disease. Martin is clearly not entitled to qualified immunity.

## CONCLUSION

Based on the foregoing, Plaintiff requests that the Court enter summary judgment at its discretion as to Count One of the Verified Complaint.

Date: May 18, 2005

Kerry M. Castello, Pro Se
P.O. Box 43
Norfolk, MA 02056

11

**CERTIFICATE OF SERVICE**

I, Kerry M. Castello, hereby certify that a true cpoy of the above document was served upon each attorney of record for each other party by mail, first class, postage prepaid on this 18th day of May, 2005.

*Kerry M. Castello*
Kerry M. Castello, Pro Se