UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE

2005 MAY 19 P 1:21

U.S. DISTRICT COURT
DISTRICT OF MASS

KERRY M. CASTELLO,           )
                             )
         Plaintiff,          )     C.A. NO. 05-10206-JLT
    v.                       )
                             )
SUSAN J. MARTIN, et al.,     )
                             )
         Defendants.         )

STATEMENT OF MATERIAL FACTS
IN SUPPORT OF MEMORANDUM IN OPPOSITION TO
DEFENDANT, SUSAN J. MARTIN'S, MOTION FOR SUMMARY JUDGMENT
AND PLAINTIFF'S CROSS MOTION FOR SUMMARY JUDGMENT
AS TO COUNT ONE OF THE VERIFIED COMPLAINT

1. The University of Massachusetts Medical School ("UMass") contracted with the Massachusetts Department of Correction ("DOC") to provide comprehensive medical services to the Massachusetts prison population that meets the community standard of care (see R. 56(e) Aff. at ¶¶ 2-4).

2. Plaintiff is under the care and custody of the DOC, and it is the responsibility of the DOC to provide Plaintiff with adequate health care for serious illness or injury. UMass is simply a business associate under the term and conditions of the contract (see Rule 56(e) Aff. at ¶ 5).

3. UMass has a contractual agreement with the DOC to provide prisoners with treatment for hepatitis C (see R. 56(e) Aff. at ¶ 6).

4. The DOC contracts separately with the State Office of Pharmacy Services ("SOPS") for the supply of hepatitis C medications. UMass works conjointly with the DOC and draws from the resources of the SOPS based on the level of funding (see

V. Complaint at Ex. E, p. 2; see also R. 56(e) Aff. at ¶ 7).

5. Defendant Susan J. Martin ("Martin") is the Director of the DOC, Health Services Division (see V. Complaint at ¶ 6).

6. Martin dictates the total budget for hepatitis C pharmaceutical expenditures (see V. Complaint at Ex. E, p. 2).

7. Martin approves health care for prisoners via telemedicine (see R. 56(e) Aff. at ¶ 10).

8. Martin monitors the health services provided by UMass under the term and conditions of the contract, and she has the authority to impose penalties when UMass fails to meet its contractual obligations (see R. 56(e) Aff. at ¶ 11).

9. Martin has the authority to render final decisions to resolve prisoners' grievances with respect to inadequate medical care, and she can approve the relief a prisoner requests (see R. 56(e) Aff. at ¶ 12).

10. At all relevant times to the events described in Plaintiff's Verified Complaint, Martin has acted under color of state law and she continues to act under color of state law (see Affidavit of Martin at p. 1).

11. Hepatitis C is a serious medical condition (see Second R. 56(e) Aff. at ¶¶ 2-5; The Cornell Illustrated Encyclopedia of Health, 2002, p. 593; American Medical Association Complete Medical Encyclopedia, 2003, p. 663).

12. On June 10, 2003, Dr. Anjali Andalkar diagnosed Plaintiff as having chronic hepatitis C (see V. Complaint at Ex. C, p. 1).

13. On July 17, 2003, Dr. Raymond S. Koff recommended that Plaintiff be treated with Pegylated Interferon and Ribavirin (see V. Complaint at Ex. D, p. 1).

14. On October 15, 2003, Dr. Ewa Preneta recommended that Plaintiff be treated with Pegylated Interferon and Ribavirin (see V. Complaint at Ex. D, p. 2).

15. On October 21, 2003, Plaintiff signed the treatment enrollment form (consent form)(see V. Complaint at Ex. E, p. 1).

16. On November 9, 2003, Dr. Stephen J. Drewniak recommended that Plaintiff be treated with Pegylated Interferon and Ribavirin (see V. Complaint at Ex. D, p. 3).

17. Martin is aware that hepatitis C is a serious medical condition (see R. 56(e) Aff. at ¶¶ 10-11; R. 56(e) Aff. at Tab One, pp. 48-49, 66, 74; R. 56(e) Aff. at Tab Two, pp. 57, 96).

18. Martin is aware that Plaintiff has a serious medical need (see V. Complaint at ¶¶ 22-34; R. 56(e) Aff. at ¶¶ 13-16; R. 56(e) Aff. at Tab One, pp. 93-96).

19. Martin is aware that, by refusing to approve the medications recommended by my doctors, she is acting with deliberate indifference to my serious medical needs in violation of the Eighth Amendment to the United States Constitution (see V. Complaint at Exs. K-7, O-1, O-2; R. 56(e) Aff. at Tab Three, pp. 2-5).

20. Martin has refused to approve the funding for the medications recommended by my doctors (see R. 56(e) Aff. at Tab Three, p. 5).

21. Plaintiff is suffering from the symptoms of fatigue, skin rashes, and aches and pains in his joints and muscles (see Second R. 56(e) Aff. at ¶¶ 12-13; V. Complaint at ¶¶ 38, 40).

22. Without the medications Plaintiff will continue to suffer

from the symptoms of the disease and it will lead him to suffer serious damage to his liver, e.g., cirrhosis, liver cancer, and eventually liver failure (see Second R. 56(e) Aff. at ¶¶ 2-5).

22. Plaintiff is being subjected to an excessive risk of serious damage to his future health.

23. Martin is acting with a deliberate indifference to Plaintiff's serious medical needs.

Respectfully submitted,

Date: May 18, 2005

_Kerry M. Castello_
Kerry M. Castello, Pro Se
P.O. Box 43
Norfolk, MA 02056

### CERTIFICATE OF SERVICE

I, Kerry M. Castello, hereby certfiy that a true copy of the above document was served upon each attorney of record for each other party by mail, first class, postage prepaid on this 18th day of May, 2005.

_Kerry M. Castello_
Kerry M. Castello, Pro Se

4