UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

KERRY M. CASTELLO,           )
                             )
            Plaintiff,       )          C.A. NO. 05-10206
       v.                    )
                             )
SUSAN J. MARTIN, et al.,     )
                             )
            Defendants.      )

### SECOND RULE 56(e) AFFIDAVIT
### IN SUPPORT OF MEMORANDUM IN OPPOSITION TO
### DEFENDANT, SUSAN J. MARTIN'S, MOTION FOR SUMMARY JUDGMENT
### AND PLAINTIFF'S CROSS MOTION FOR SUMMARY JUDGMENT
### AS TO COUNT ONE OF THE VERIFIED COMPLAINT

I, Kerry M. Castello, depose and state:

  1. My Name is Kerry M. Castello, and to my personal knowledge
     the facts stated below are true.

  2. On August 26, 2002, the National Institutes of Health ("NIH")
     released a consensus developement conference statement on
     the management of hepatitis C.  The statement was prepared
     by a panel of experts, and it provides a detailed assessment
     of the medical knowledge that was available at the time the
     statement was written.

  3. Hereto attached is a true copy of the NIH Conference
     Statement (see Tab One, pp. 1-44).

  4. On April 15, 2005, an agent of the U.S. Department of Health
     and Human Services forwarded me an original hepatitis C fact
     sheet.  The fact sheet is produced by the National Digestive
     Diseases Information Clearinghouse ("NDDIC") under the
     guidance of scientists of the National Institute of Diabetes
     and Digestive and Kidney Diseases.  It provides reliable
     up-to-date information on the management of hepatitis C.

  5. Hereto attached is a true copy of the NDDIC fact sheet (see
     Tab Two, pp. 1-20).

  6. On October 28, 2003, Dr. Ernest P. Osei-Tutu wrote a four
     page progress note and placed it in my medical file.  He
     states on page two that, at that time, there are four hundred
     patients (inmates) statewide with chronic hepatitis C and
     that of the four hundred only "40-45" are receiving treatment.
     He goes further to note that "[t]his has been necessitated
     by fiscal constraints (budget shortfall) at the State level."

7. Hereto attached is a true copy of Dr. Ernest P. Osei-Tutu's progress note (see Tab Three, pp. 1-4).

8. On August 13, 2004, I received a letter from Dr. Alfred DeMaria, Jr., Director of the Bureau of Comminacable Disease Control, in response to a public records request that I submitted to the Massachusetts Department of Public Health. Dr. Demaria states in his letter that, due to the level of funding, there are about "50" patients (inmates) being treated for hepatitis C.

9. Hereto attached is a true copy of Dr. Alfred DeMaria's letter (see Tab Three, p. 5).

10. In between the period of July and October of 2004 I submitted multiple sick call slips requesting the medications recommended by my doctors. The majority of the slips were not answered. All patient grievances and complaints are placed in the UMass tracking system and a monthly report is forwarded to Martin (R. 56(e) Aff. at Tab One, pp. 96, 100).

11. Hereto attached are several of the sick call slips that I copied prior to submitting them (see Tab Four, pp. 1-7).

12. On April 12, 2005, I inspected my medical file to identify specific documents for copying. The documents were then copied by the medical records clerk at my direction.

13. Hereto attached are true copies of my medical records (see Tab Five, pp. 1-16).

14. On May 4, 2005, I was examined by Dr. Bradford Noll because I am bleeding from my penis. Dr. Noll prescribed Bactrim DS to rule-out any infection in my scrotum, and he ordered a series of blood tests to determine whether or not I have a problem with my prostate. I was not seen in the chronic disease clinic as stated by Martin in her Affidavit.

15. Hereto attached is a true copy of the medication card (see Tab Six, p. 1).

16. All documents attached to this affidavit are identified and authenticated in compliance with Fed. R. Civ. P. 56(e), and they are to be used in support of the Memorandum in Opposition to the Defendant, Susan J. Martin's, Motion for Summary Judgment and Plaintiff's Cross Motion for Summary Judgment.

17. It is my contention that there is no genuine issue to be tried as to Count One of the verified Complaint, and that I am entitled to Summary judgment as a matter of law.

2

I DECLARE AND VERIFY UNDER PENALTY OF PERJURY THAT THE
FOREGOING IS TRUE AND CORRECT.  EXECUTED ON THIS  18th  DAY OF
_____ May _____, 2005.

Kerry M. Castello, Pro Se
P.O. Box 43
Norfolk, MA 02056

## CERTIFICATE OF SERVICE

I, Kerry M. Castello, hereby certify that a true copy of
the above document was served upon each attorney of record for
each other party by mail, first class, postage prepaid on this
18th day of _____ May _____, 2005.

Kerry M. Castello, Pro Se

3