UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 05-10206-JLT

_____
KERRY M. CASTELLO,                  )
    Plaintiff,                      )
                                    )
V.                                  )
                                    )
SUSAN J. MARTIN, in her individual  )
and official capacity as Director of the )
Department of Correction, Health Services )
Division; AARON LAZARE, M.D., in    )
his individual and official capacity as )
Chancellor and Dean of the University of )
Massachusetts Medical School; ARTHUR )
BREWER, M.D., in his individual and official )
capacity as Director of the UMass correctional )
Health Program; DONNA JURDAK, R.N., )
in her individual and official capacity as )
Health Services Administrator at the Massachusetts )
Correctional Institution Norfolk;   )
    Defendants.                     )
                                    )
_____)

**DEFENDANTS, DONNA JURDAK, R.N., ARTHUR BREWER, M.D.,
AND AARON LAZARE, M.D.'S, STATEMENT OF
LEGAL BASIS IN SUPPORT OF THEIR
OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DEFENDANTS' CROSS MOTION FOR SUMMARY JUDGMENT**

Pursuant to Superior Court Rule 9A(b)(5), the defendants provide this statement of the legal basis for their Motion for Summary Judgment:

1. Summary judgment is to be granted when, based on the pleadings, affidavits, and depositions, "there is no genuine issue as to any material fact and [where] the moving party is entitled to judgment as a matter of law." Mass. R. Civ. P. 56(c); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991).

2. Summary judgment is appropriate against a party who "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

3. A non-moving party cannot rest on mere allegations; the non-moving party must adduce specific, provable facts that establish that there is a triable issue. Rogers v. Fair, 902 F.2d 130, 143 (1st Cir. 1990).

4. There must be sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-250 (1986)(citations omitted).

5. In cases where liability is at issue, there will not always be a responsible individual who is liable as well. In situations where distant members of the institutional hierarchy have the formal responsibility for the workings of the system, these individuals are not always liable and do not always have a personal duty to every patient that comes into their institution's care. Santos v. Kim, 429 Mass. 130, 136 (1999).

6. To establish that members of an institutional hierarchy should be held liable, the plaintiff must prove that the defendant owed some duty personally to the patient. Santos, 429 Mass. at 136.

7. In order to state a claim under the Americans with Disabilities Act (the "ADA"), a plaintiff must establish that: (1) he is a qualified individual with a disability; (2) he was excluded from participation in a public entity's services, programs, or activities or otherwise discriminated against; and (3) such exclusion or discrimination was by reason of his disability. 42 U.S.C. §2132; Pennsylvania Dep't of Corrections v. Yeskey, 524 U.S. 206 (1998).

965510v1

8. Under the ADA, a qualified individual is defined as "an individual with a disability who, with or without reasonable modifications, … meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by the public entity." 42 U.S.C. §12131(2).

9. "In order to establish that medical mistreatment constitutes a violation of the Eighth Amendment, a prisoner must show 'acts or omissions' sufficiently harmful to evidence deliberate indifference to serious medical needs." Miranda v. Munoz, 770 F.2d 255, 259 (1st Cir. 1985).

10. A medical need is "serious" if it has been "diagnosed by a physician as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity of a doctor's attention." Gaudreault v. Municipality of Salem, Massachusetts, 923 F.2d 203, 208 (1st Cir. 1990) citing Monmouth County Correctional Institutional Inmates v. Lanzaro, 834 F.2d 326, 347 (3rd Cir. 1987)

11. To prove deliberate indifference to a serious medical need, plaintiff must demonstrate that the specific acts or omissions relative to a prisoner's medical treatment constituted "an unnecessary and wanton infliction of pain" or were "repugnant to the conscience of mankind." Estelle v. Gamble, 429 U.S. 97, 106 (1976).

12. The deliberate indifference standard is not met unless "defendant has a culpable state of mind and intended wantonly to inflict pain." DesRosiers v. Moran, 949 F.2d 15, 19 (1st Cir. 1991).

13. A medical decision not to order a test, or like measures, does not represent cruel and unusual punishment. Estelle, 429 U.S. at 107-108. Allegations of disagreement over the

appropriate course of treatment, such as a dispute over an exercise of professional judgment, falls short of evidencing an Eighth Amendment constitutional violation. Id. at 106.

|  |  |
|---|---|
| | Respectfully Submitted,<br>The Defendants,<br>AARON LAZARE, M.D., ARTHUR BREWER, M.D.<br>& DONNA JURDAK, R.N.<br>By their attorneys, |
| I hereby certify that a true copy of the above document was served upon (each party appearing pro se and) the attorney of record for each (other) party by mail on this 30th day of June, 2005.<br><br>/s/ James A. Bello<br>_____<br>James A. Bello / Lisa R. Wichter | /s/ **James A. Bello**<br>_____<br>James A. Bello, BBO #633550<br>Lisa R. Wichter, BBO #661006<br>MORRISON MAHONEY LLP<br>250 Summer Street<br>Boston, MA 02210<br>(617) 439-7500 |

4

965510v1