UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

KERRY M. CASTELLO,              )
                               )
            Plaintiff,         )     C.A. NO. 05-10206-JLT
    v.                         )
                               )
SUSAN J. MARTIN, et al.,       )
                               )
            Defendants.        )

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STRIKE UNTIMELY FILED MEMORANDUM, OPPOSITION, AND CROSS MOTION FOR SUMMARY JUDGMENT BY THE DEFENDANTS, AARON LAZARE, M.D., ARTHUR BREWER, M.D., AND DONNA JURDAK, R.N.

Plaintiff Kerry M. Castello hereby submits this Memorandum of Law in support of his Motion to Strike the documents that have been untimely filed by the defendants, Aaron Lazare, M.D., Arthur Brewer, M.D., and Donna Jurdak, R.N. ("the defendants"), in response to the Plaintiff's Motions for Summary Judgment.

### OBJECTIONS

1. Plaintiff objects to the defendants' attempt to file the documents untimely, on the ground that it is in violation of LR 7.1(B)(2).

2. Plaintiff objects to the defendants' attempt to file the documents untimely, on the ground that the defendants were required to first obtain the Court's permission pursuant to Fed. R. Civ. P. 6(b).

3. Plaintiff objects to the defendants' attempt to file the documents untimely, on the ground that the defendants have intentionally ignored the Court's filing deadline, and that said documents have been submitted in bad faith for the purpose of delay.

4. Plaintiff objects to the defendants' reliance upon the Massachusetts Rules of Civil Procedure, whereas those rules are not applicable to this action.

**ARGUMENT**

I.    **THE DEFENDANTS IGNORED BOTH THE COURT'S FILING DEADLINE AND THE PROCEDURAL RULE OF WHICH TO OBTAIN PERMISSION TO LATE FILE THEIR DOCUMENTS, AND THEREFORE THE COURT SHOULD STRIKE THE DOCUMENTS THAT HAVE BEEN UNTIMELY FILED.**

Motion practice here in the United States District Court for the District of Massachusetts is governed under LR 7.1 et seq. LR 7.1(B)(2) provides in relevant part:

> "A party opposing a motion, shall file an opposition to the motion within fourteen (14) days after service of the motion, unless another period is fixed by rule or statute, or by order of the court . . ."

And as previously noted within Plaintiff's Motion to Strike, the defendants petitioned the Court for an enlargement of time to respond to Plaintiff's Motions for Summary Judgment. The Court (Tauro J.) granted the defendants an enlargement of time and fixed a "date certain" for filing a response at <u>June 15, 2005.</u> It is therefore undisputable that the defendants are aware of both the Court's procedural rules and of the filing deadline.

"The administration of filing deadlines is a matter of case management that comes within the district court's discretion." <u>McLntosh</u> v. <u>Antonino</u>, 71 F.3d 29, 38 (1st Cir. 1995). And when a judge "sets a reasonable due date, parties should not be allowed casually to flout it or plainlessly to escape the foreseeable consequences of noncompliance." <u>Mendez</u> v. <u>Banco Popular De Puerto Rico</u>, 900 F.2d 4, 7 (1st Cir. 1990). The Court of Appeals for the Seventh Circuit has written that parties "are playing

2

with fire" by failing to comply with a deadline. Spears v. City of Indianapolis, 74 F.3d 153, 157 (7th Cir. 1996).

Here in the instant case, the defendants have filed their documents sixteen days past the Court's filing deadline. They have not only failed to comply with the Court's filing deadline but they have also failed to motion the Court for permission to file their documents late. See Lujan v. National Wildlife Federation, 497 U.S. 871, 895-96 (1990) ("any postdeadline extension must be 'upon motion made,' and is permissible only where the failure to meet the deadline 'was the result of excusable neglect,'" quoting Fed. R. Civ. P. 6(b) ). These facts brought to the attention of this Court should not go unnoticed.

The Supreme Court in Lujan held that it was not an abuse of discretion to reject summary judgment affidavits based on the "apparent lack of motion, of a showing, and of excusable neglect." Id. at 898. Plaintiff relies heavily on the Lujan holding for this Court to reach a decision on his Motion to Strike. Plaintiff, however, does not end the argument here. He must additionally point out that the defendants reliance upon the Massachusetts Rules of Civil Procedure is misplaced. Those rules are not applicable to this action. Plaintiff directs the Court to Fed. R. Civ. P. 1, which provides:

> These rules govern the procedure in the United States district courts in all suits of a civil nature whether cognizable as cases at law or in equity or in admiralty, with the exceptions stated in Rule 81. They shall be construed and administered to secure the just, speedy, and inexpensive determination of every action.

Effective December 1, 1993.

3

This is not a proceeding in admiralty or for bankruptcy. Nor is it a case involving diversity jurisdiction of which the state rules may collide with the federal rules. This is a civil rights action of which Plaintiff contends that the defendants are acting with deliberate indifference to his serious medical needs in violation of the Eighth Amendment. The procedural rules and the local rules have the force of law, "and they are binding upon the litigants and upon the court itself." Air Line Pilots Ass'n v. Precision Valley Aviation, Inc., 26 F.3d 220, 224 (1st Cir. 1994). The defendants should not be allowed to ignore the Court's deadline and the rules of procedure. But more importantly, the defendants surely cannot litigate this case applying the state rules here in the United States District Court. "Rules are rules—and the parties must play by them." Mendez v. Banco Popular De Puerto Rico, 900 F.2d 4, 7 (1st Cir. 1990). It is evident that the defendants have advanced their documents in bad faith for the purpose of delay, and this Court should allow Plaintiff's Motion to Strike accordingly.

## CONCLUSION

Based on the foregoing, Plaintiff requests that the Court allow his Motion to Strike the untimely filed documents by the defendants, Aaron Lazare, M.D., Arthur Brewer, M.D., and Donna Jurdak, R.N.

Respectfully submitted,

Date: July 6, 2005

Kerry M. Castello, Pro Se
P.O. Box 43
Norfolk, MA 02056

4

## CERTIFICATE OF SERVICE

I, Kerry M. Castello, hereby certify that a true copy of the above document was served upon each attorney of record for each other party by mail, first class, postage prepaid on this _6th_ day of _____July_____, 2005.

Kerry M. Castello, Pro Se
P.O. Box 43
Norfolk, MA 02056