UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KERRY M. CASTELLO,<br>    Plaintiff,<br><br>V.<br><br>SUSAN J. MARTIN, in her individual<br>and official capacity as Director of the<br>Department of Correction, Health Services<br>Division; AARON LAZARE, M.D., in<br>his individual and official capacity as<br>Chancellor and Dean of the University of<br>Massachusetts Medical School; ARTHUR<br>BREWER, M.D., in his individual and official<br>capacity as Director of the UMass Correctional<br>Health Program; DONNA JURDAK, R.N.,<br>in her individual and official capacity as<br>Health Services Administrator at the<br>Massachusetts Correctional Institution Norfolk,<br>    Defendants. | CIVIL ACTION NO.: 05-10206-JLT |

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' CROSS MOTION FOR SUMMARY JUDGMENT AND MOTION FOR AN EXTENSION TO FILE A MOTION FOR SUMMARY JUDGMENT, POST-DEADLINE

**NOW COME** the defendants, Donna Jurdak, R.N., Aaron Lazare, M.D., and Arthur Brewer, M.D., and hereby oppose the plaintiff's Motion to Strike the defendants' Cross Motion for Summary Judgment, and file a Motion for an Extension to File a Cross Motion for Summary Judgment Post-Deadline. As grounds therefor, the defendants state the following:

1.  The plaintiff requests that this Court strike the defendants' Cross Motion for Summary Judgment. The plaintiff's request is based on the fact that the defendants' deadline for filing a Motion for Summary Judgment was set for June 15, 2005, and the defendants filed their Cross Motion for Summary Judgment on June 30, 2005 - fifteen (15) days after this deadline.

969581v1

2. In support of his Motion to Strike, the plaintiff alleges that the defendants "intentionally ignored the Court's filing deadline, and that said documents have been submitted in bad faith for the purpose of delay." (Exhibit 1 attached, plaintiff's Memorandum of Law in support of his Motion to Strike, ¶3).

3. Contrary to the plaintiff's assertion, the plaintiff's Motion to Strike should be denied, as such action is unwarranted based on the circumstances of excusable neglect in this matter.

4. The plaintiff filed his Motion for Summary Judgment with the defendants on May 12, 2005.

5. As discussed in defendants' June 1, 2005 Motion for Enlargement of Time to file a Motion for Summary Judgment, defense counsel anticipated that they would need time to speak with defendant Arthur Brewer, M.D., in order to investigate the claims against the defendants, and obtain an affidavit for Dr. Brewer. Defense counsel also anticipated on June 1st that, due to Dr. Brewer's various responsibilities and his hectic schedule, the defendants would need time to investigate Mr. Castello's allegations. (Exhibit 2 attached, defendants' Motion for Enlargement).

6. Pursuant to Mass. R. Civ. P. Rule 60(b)(1), "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment order or proceeding for the following reasons: 1). Mistake, inadvertence, surprise, or excusable neglect."

7. After the Court granted the defendants' extension request, on June 6, 2005, defense counsel spoke with Dr. Brewer on June 9, 2005. (Exhibit 3 attached, Affidavit of Attorney Lisa Wichter). During this conversation, Dr. Brewer informed defense counsel that, because he frequently travels as part of his job, he could only discuss this case for short periods

of time over the telephone. Consequently, defense counsel had to speak with Dr. Brewer on several occasions, and did not finalize discussions with defendant Brewer until June 16, 2005 - the day of deadline for the Motion for Summary Judgment. While the final details of the affidavit were discussed on June 15, 2005, defense counsel did not receive Dr. Brewer's affidavit until June 23, 2005. (Exhibit 3 attached, Affidavit of Attorney Lisa Wichter).

8. From June 23, 2005, onward, the defendants diligently prepared a Cross Motion for Summary Judgment, and ultimately filed the Cross Motion for Summary Judgment on June 30, 2005.

9. Given the circumstances of this case, the defendants request that the Court forgive their delay in filing a Cross Motion for Summary Judgment based on excusable neglect, pursuant to Mass. R. Civ. P. 60(b)(1). Because that plaintiff himself has required an extension to respond to co-defendants' motions, Mr. Castello can understand the defendants' need for this post-deadline extension.

10. Contrary to the plaintiff's assertions, the defendants have not attempted to "ignore the Court's filing deadline…in bad faith for the purpose of delay." The defendants have simply filed appropriate pleadings in response the plaintiff's claims, a mere fifteen (15) days after the filing deadline.

11. Moreover, the plaintiff has not suffered any prejudice as a result of this short, fifteen (15) day delay in filing defendants' Cross Motion for Summary Judgment. The Court will benefit from having allowed the defendants to thoroughly address the plaintiff's claims in their Cross Motion for Summary Judgment. The plaintiff will also not be prejudiced because the defendants will assent to granting the plaintiff an enlargement of time to file an opposition (if any) to the defendants' motion.

WHEREFORE, for all the reasons set forth above, the defendants, Donna Jurdak, R.N., Aaron Lazare, M.D., and Arthur Brewer, M.D., respectfully request that this Court deny the plaintiff's Motion to Strike the defendants' Motion for Summary Judgment, and allow the defendants' post-deadline Motion for an Extension of Time to File a Cross Motion for Summary Judgment.

|  |  |
|---|---|
| I hereby certify that a true copy of the above document was served upon (each party appearing pro se and) the attorney of record for each (other) party by mail on this 20th day of July, 2005<br><br>/s/ Lisa R. Wichter<br>_____<br>Lisa R. Wichter | Respectfully Submitted,<br>The Defendants,<br>AARON LAZAR, M.D., ARTHUR BREWER, M.D.<br>& DONNA JURDAK, R.N.<br>By their attorneys,<br><br>/s/ Lisa R. Wichter<br>_____<br>James A. Bello, BBO #633550<br>Lisa R. Wichter, BBO #661006<br>MORRISON MAHONEY LLP<br>250 Summer Street<br>Boston, MA 02210<br>(617) 439-7500 |

969581v1

# EXHIBIT 1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| KERRY M. CASTELLO, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. NO. 05-10206-JLT |
| v. | ) | |
| | ) | |
| SUSAN J. MARTIN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STRIKE
UNTIMELY FILED MEMORANDUM, OPPOSITION, AND CROSS MOTION FOR
SUMMARY JUDGMENT BY THE DEFENDANTS, AARON LAZARE, M.D.,
ARTHUR BREWER, M.D., AND DONNA JURDAK, R.N.**

Plaintiff Kerry M. Castello hereby submits this Memorandum of Law in support of his Motion to Strike the documents that have been untimely filed by the defendants, Aaron Lazare, M.D., Arthur Brewer, M.D., and Donna Jurdak, R.N. ("the defendants"), in response to the Plaintiff's Motions for Summary Judgment.

## OBJECTIONS

1. Plaintiff objects to the defendants' attempt to file the documents untimely, on the ground that it is in violation of LR 7.1(B)(2).

2. Plaintiff objects to the defendants' attempt to file the documents untimely, on the ground that the defendants were required to first obtain the Court's permission pursuant to Fed. R. Civ. P. 6(b).

3. Plaintiff objects to the defendants' attempt to file the documents untimely, on the ground that the defendants have intentionally ignored the Court's filing deadline, and that said documents have been submitted in bad faith for the purpose of delay.

4. Plaintiff objects to the defendants' reliance upon the Massachusetts Rules of Civil Procedure, whereas those rules are not applicable to this action.

## ARGUMENT

### I. THE DEFENDANTS IGNORED BOTH THE COURT'S FILING DEADLINE AND THE PROCEDURAL RULE OF WHICH TO OBTAIN PERMISSION TO LATE FILE THEIR DOCUMENTS, AND THEREFORE THE COURT SHOULD STRIKE THE DOCUMENTS THAT HAVE BEEN UNTIMELY FILED.

Motion practice here in the United States District Court for the District of Massachusetts is governed under LR 7.1 et seq. LR 7.1(B)(2) provides in relevant part:

> "A party opposing a motion, shall file an opposition to the motion within fourteen (14) days after service of the motion, unless another period is fixed by rule or statute, or by order of the court . . ."

And as previously noted within Plaintiff's Motion to Strike, the defendants petitioned the Court for an enlargement of time to respond to Plaintiff's Motions for Summary Judgment. The Court (Tauro J.) granted the defendants an enlargement of time and fixed a "date certain" for filing a response at June 15, 2005. It is therefore undisputable that the defendants are aware of both the Court's procedural rules and of the filing deadline.

"The administration of filing deadlines is a matter of case management that comes within the district court's discretion." McLntosh v. Antonino, 71 F.3d 29, 38 (1st Cir. 1995). And when a judge "sets a reasonable due date, parties should not be allowed casually to flout it or plainlessly to escape the foreseeable consequences of noncompliance." Mendez v. Banco Popular De Puerto Rico, 900 F.2d 4, 7 (1st Cir. 1990). The Court of Appeals for the Seventh Circuit has written that parties "are playing

2

with fire" by failing to comply with a deadline. <u>Spears</u> v. <u>City of Indianapolis</u>, 74 F.3d 153, 157 (7th Cir. 1996).

Here in the instant case, the defendants have filed their documents sixteen days past the Court's filing deadline. They have not only failed to comply with the Court's filing deadline but they have also failed to motion the Court for permission to file their documents late. See <u>Lujan</u> v. <u>National Wildlife Federation</u>, 497 U.S. 871, 895-96 (1990) ("any postdeadline extension must be 'upon motion made,' and is permissible only where the failure to meet the deadline 'was the result of excusable neglect,'" quoting Fed. R. Civ. P. 6(b) ). These facts brought to the attention of this Court should not go unnoticed.

The Supreme Court in <u>Lujan</u> held that it was not an abuse of discretion to reject summary judgment affidavits based on the "apparent lack of motion, of a showing, and of excusable neglect." <u>Id.</u> at 898. Plaintiff relies heavily on the <u>Lujan</u> holding for this Court to reach a decision on his Motion to Strike. Plaintiff, however, does not end the argument here. He must additionally point out that the defendants reliance upon the Massachusetts Rules of Civil Procedure is misplaced. Those rules are not applicable to this action. Plaintiff directs the Court to Fed. R. Civ. P. 1, which provides:

> These rules govern the procedure in the United States district courts in all suits of a civil nature whether cognizable as cases at law or in equity or in admiralty, with the exceptions stated in Rule 81. They shall be construed and administered to secure the just, speedy, and inexpensive determination of every action.

Effective December 1, 1993.

This is not a proceeding in admiralty or for bankruptcy. Nor is it a case involving diversity jurisdiction of which the state rules may collide with the federal rules. This is a civil rights action of which Plaintiff contends that the defendants are acting with deliberate indifference to his serious medical needs in violation of the Eighth Amendment. The procedural rules and the local rules have the force of law, "and they are binding upon the litigants and upon the court itself." Air Line Pilots Ass'n v. Precision Valley Aviation, Inc., 26 F.3d 220, 224 (1st Cir. 1994). The defendants should not be allowed to ignore the Court's deadline and the rules of procedure. But more importantly, the defendants surely cannot litigate this case applying the state rules here in the United States District Court. "Rules are rules—and the parties must play by them." Mendez v. Banco Popular De Puerto Rico, 900 F.2d 4, 7 (1st Cir. 1990). It is evident that the defendants have advanced their documents in bad faith for the purpose of delay, and this Court should allow Plaintiff's Motion to Strike accordingly.

## CONCLUSION

Based on the foregoing, Plaintiff requests that the Court allow his Motion to Strike the untimely filed documents by the defendants, Aaron Lazare, M.D., Arthur Brewer, M.D., and Donna Jurdak, R.N.

Respectfully submitted,

Date: July 6, 2005

Kerry M. Castello, Pro Se
P.O. Box 43
Norfolk, MA 02056

4

**CERTIFICATE OF SERVICE**

I, Kerry M. Castello, hereby certify that a true copy of the above document was served upon each attorney of record for each other party by mail, first class, postage prepaid on this __6th__ day of ___July___, 2005.

_Kerry M. Castello_
Kerry M. Castello, Pro Se
P.O. Box 43
Norfolk, MA 02056

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KERRY M. CASTELLO,<br>    Plaintiff,<br><br>V.<br><br>SUSAN J. MARTIN, in her individual<br>and official capacity as Director of the<br>Department of Correction, Health Services<br>Division; AARON LAZARE, M.D., in<br>his individual and official capacity as<br>Chancellor and Dean of the University of<br>Massachusetts Medical School; ARTHUR<br>BREWER, M.D., in his individual and official<br>capacity as Director of the UMass Correctional<br>Health Program; DONNA JURDAK, R.N.,<br>in her individual and official capacity as<br>Health Services Administrator at the<br>Massachusetts Correctional Institution Norfolk,<br>    Defendants. | **EXHIBIT 2**<br><br><br><br><br><br>CIVIL ACTION NO.: 05-10206-JLT |

### MOTION OF THE DEFENDANTS, DONNA JURDAK, R.N., AARON LAZARE, M.D., AND ARTHUR BREWER, M.D., FOR ENLARGEMENT OF TIME TO FILE MOTION FOR SUMMARY JUDGMENT

NOW COME the Defendants, Donna Jurdak, R.N., Aaron Lazare, M.D., and Arthur Brewer, M.D., and hereby move this Honorable Court to grant a brief extension of time, up to and including **June, 15, 2005**, to respond to *Plaintiff's Motion for Summary Judgment*. Pursuant to Mass. R. Civ. P. 10(c), the defendants incorporate, by reference, the Affidavit of James A. Bello, Esq., attached hereto.

As grounds for this Motion, the defendants state that they have been diligently preparing a Cross-Motion for Summary Judgment, and expected to file it with the Court on or before June 15, 2005. A review of the online docket in this matter reveals that the pro se plaintiff also recently filed a Motion for Extension of Time to Respond/Reply with the Court on May 12, 2005, in response to co-defendant Susan Martin's Motion for Summary Judgment. Given the

965963v1

plaintiff's own need for such an extension, he can understand the defendant's similar need for additional time.

Moreover, while plaintiff filed his Motion for Summary Judgment against the defendants, just a short three (3) weeks ago, on May 12, 2005, the defendants need additional time to speak with and obtain the affidavit of defendant Arthur Brewer, M.D., in order to adequately investigate and respond to plaintiff Castello's claims. Dr. Brewer is the Program Director for UMASS Correctional Health. Due to his various responsibilities and his hectic schedule, Dr. Brewer needs additional time to investigate Mr. Castello's allegations. Consequently, the defendants request a brief extension of time to obtain this affidavit, prior to filing a Cross-Motion for Summary Judgment and supporting papers.

Finally, the plaintiff will not be prejudiced by this short delay, while the Court will, in fact, benefit from allowing the defendants the opportunity to thoroughly address plaintiff's assertions in their Cross-Motion for Summary Judgment.

**WHEREFORE**, the Defendants, Donna Jurdak, R.N., Aaron Lazare, M.D., and Arthur Brewer, M.D., hereby request that their Emergency Motion for an Extension of Time be **ALLOWED**, and that the time for filing a Cross-Motion to *Plaintiff's Motion for Summary Judgment* be extended up to and including **June 15, 2005**.

Respectfully submitted,
The Defendants,
AARON LAZAR, M.D., ARTHUR BREWER, M.D.
& DONNA JURDAK, R.N.
By their attorneys,

/s/ Lisa R. Wichter

James A. Bello, BBO #633550
Lisa R. Wichter, BBO #661006
MORRISON MAHONEY LLP
250 Summer Street
Boston, MA 02210
(617) 439-7500

I hereby certify that a true copy of the above document was served upon (each party appearing pro se and) the attorney of record for each (other) party by mail on this 1st day of June, 2005

/s/ Lisa R. Wichter

Lisa R. Wichter

965963v1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KERRY M. CASTELLO,<br>    Plaintiff,<br><br>V.<br><br>SUSAN J. MARTIN, in her individual<br>and official capacity as Director of the<br>Department of Correction, Health Services<br>Division; AARON LAZARE, M.D., in<br>his individual and official capacity as<br>Chancellor and Dean of the University of<br>Massachusetts Medical School; ARTHUR<br>BREWER, M.D., in his individual and official<br>capacity as Director of the UMass Correctional<br>Health Program; DONNA JURDAK, R.N.,<br>in her individual and official capacity as<br>Health Services Administrator at the<br>Massachusetts Correctional Institution Norfolk,<br>    Defendants. | **EXHIBIT 3**<br><br><br><br>CIVIL ACTION NO.: 05-10206-JLT |

## AFFIDAVIT OF LISA R. WICHTER

I, Lisa R. Wichter, being duly sworn, hereby depose and state the following:

1.    I am an associate at the law firm of Morrison Mahoney LLP, with offices located at 250 Summer Street, Boston, Massachusetts 02210. I am duly licensed to practice law, and I am in good standing in the Commonwealth of Massachusetts.

2.    I am co-counsel for defendants, Donna Jurdak, R.N., Aaron Lazare, M.D., and Arthur Brewer, M.D., in the above-referenced matter. I have personal knowledge of all facts set forth herein, and I am familiar with plaintiff's allegations and the procedural history of this case.

3.    On May 12, 2005, the plaintiff, Kerry Castello, a pro se plaintiff, filed a Motion for Summary Judgment against the above-named defendants.

969599v1

4. On June 1, 2005, in anticipation of defendant Brewer's hectic schedule and the fact that the doctor would need time to investigate the plaintiff's allegations, co-counsel, Attorney James Bello, filed a Motion for Enlargement of Time to File a Motion for Summary Judgment.

5. On June 6, 2005, the Court granted the defendants' Motion for Enlargement.

6. After this date, I spoke with Dr. Arthur Brewer, in anticipation of filing the defendants' Cross Motion for Summary Judgment prior to the extended deadline, on June 15, 2005. However, due to the fact that Dr. Brewer needed to travel throughout the state, as part of his job responsibilities, we were only able to discuss Mr. Castello's allegations for short periods of time over the telephone. Specifically, I spoke with Dr. Brewer on June 9th, 15th, and 16th, ultimately finalizing his affidavit on June 23, 2005, when defendant Brewer returned a signed affidavit to our office.

7. After receiving Dr. Brewer's affidavit, I diligently prepared the final version of defendants' Cross Motion for Summary Judgment, and filed the Motion with the Court on June 30, 2005.

8. At no time during the preparation of the defendants' Cross Motion for Summary Judgment did defense counsel intend to delay the progression of this case, or cause prejudice to the plaintiff. To the contrary, defense counsel's actions were aimed at investigating the plaintiff's allegations and providing the Court with the most thorough assessment of this matter possible.

9. As such, the defendants' Cross Motion for Summary Judgment, although filed 15 days after the June 15, 2005 deadline, should be allowed because this particular case of neglect was excused due to Dr. Brewer's demanding schedule and numerous responsibilities.

10. The above statements are true and accurate and based upon my personal knowledge.

**SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 20 DAY OF July, 2005.**

*[signature]*
Lisa R. Wichter (BBO #661006)

3

969599v1