UNITED STATES DISTRICT COURT
FOR THE

DISTRICT OF MASSACHUSETTS

KERRY CASTELLO,                               C.A. No. 05-10206-JLT

    Plaintiff,

    v.

SUSAN MARTIN, et al.,

    Defendants.

## OPPOSITION OF SUSAN J. MARTIN TO PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT

Defendant Susan J. Martin opposes plaintiff's cross-motion for summary judgment for the reasons set forth in defendant Martin's Motion For Summary Judgment, as well as the opposition to plaintiff's motion for summary judgment and cross-motion for summary judgment of defendants Donna Jurdak, R.N., Arthur Brewer, M.D., and Aaron Lazare, M.D.

Defendant Martin disputes plaintiff's statement of material facts in her second affidavit filed herewith. Defendant notes that many of the facts asserted by plaintiff are those for which he manifestly has no personal knowledge, as opposed to the personal knowledge of defendant Martin. The issue as to defendant Martin is a simple one: If the medical provider orders a certain form of treatment to plaintiff for his hepatitis C, as for example the treatment which he seeks through this lawsuit, he gets it; if the medical provider does not order

that treatment, he does not.  See Second Affidavit Of Susan J. Martin, ¶18.  Beyond this, defendant Martin has no "dog in this fight."

                                        Respectfully submitted,

                                        NANCY ANKERS WHITE
                                        Special Assistant Attorney General

Dated:    August 12, 2005     /s/ Stephen G. Dietrick_____
                                        Stephen G. Dietrick
                                        Deputy General Counsel
                                        Legal Division
                                        Department of Correction
                                        70 Franklin Street, Suite 600
                                        Boston, MA  02110-1300
                                        Tel. (617) 727-3300 Ext. 116
                                        B.B.O. #123980

**CERTIFICATE OF SERVICE**

    I, Stephen G. Dietrick, Deputy General Counsel for the Department of Correction, hereby certify that on this 12th day of August, 2005, I served a copy of the foregoing on plaintiff Kerry Castello, by first class mail, postage prepaid to him at his address:  P.O. Box 43, Norfolk, MA  02056 and James Bello, Esq., Morrison Mahoney, 250 Summer Street, Boston, MA  02110

Dated:    August 12, 2005     /s/ Stephen G. Dietrick\_\_\_\_\_
                                        Stephen G. Dietrick
                                        Deputy General Counsel

UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF MASSACHUSETTS

KERRY CASTELLO,                        C.A. No. 05-10206-JLT

    Plaintiff,

    v.

SUSAN MARTIN, et al.,

    Defendants.

### SECOND AFFIDAVIT OF SUSAN J. MARTIN

I, Susan J. Martin, on oath depose and state as follows:

1. From July 2005 to June 2006, I am on a leave of absence from the Department of Correction and therefore I am not serving as the Director of the Department's Health Services Division during this time.

2. I dispute ¶2 of plaintiff's statement of material facts with respect to cross-motions for summary judgment in that the Department of Correction was not and is not responsible for plaintiff's health care. The medical provider is responsible for this care.

3. I dispute ¶4 of plaintiff's statement of material facts. Specifically, UMass orders all medications. The Department of Correction pays for all medications ordered by UMass. The second sentence of ¶4 is specifically denied.

2

4. I dispute ¶5 of plaintiff's statement of material facts. I am not presently acting as Director of the Health Services Division.

5. I dispute ¶6 of plaintiff's statement of material facts. It is the medical provider who determines Hepatitis C pharmaceutical expenditures.

6. I dispute ¶7 of plaintiff's statement of material facts. I do not approve health care of inmates via telemedicine.

7. I dispute ¶8 of plaintiff's statement of material facts. I did not and do not have the personal authority to impose penalties on the medical provider.

8. With respect to ¶9 of plaintiff's statement of material facts, any attempt to resolve prison grievances with respect to inadequate medical care was and is always done in consultation with and reliance on the medical judgment of the medical providers.

9. I dispute ¶10 of plaintiff's statement of material facts. I am not presently acting under color of state law.

10. I dispute ¶11 of plaintiff's statement of material facts. Hepatitis C is not always a "serious" medical condition but may become one.

3

11. I dispute ¶17 of plaintiff's statement of facts. Hepatitis C is not always a "serious" medical condition but may become one.

12. I dispute ¶18 of plaintiff's statement of material facts. I am not aware that plaintiff has a "serious" medical need, much less one that is not being properly addressed.

13. I dispute ¶19 of plaintiff's statement of material facts. I have not and am not acting with deliberate indifference to plaintiff's serious medical needs.

14. I dispute ¶20 of plaintiff's statement of material facts. I have not refused to approve funding for medications prescribed by the medical provider for treatment of plaintiff's hepatitis C.

15. I dispute ¶22 of plaintiff's statement of material facts. I have no knowledge that plaintiff has suffered or will suffer damage as a result of the medical services provided to him for hepatitis C.

16. I dispute the second ¶22 of plaintiff's statement of material facts, specifically that plaintiff is being subjected to an excessive risk of serious damage to his future health.

17. I dispute ¶23 of plaintiff's statement of material facts. I have not and am not acting with deliberate indifference to plaintiff's serious medical needs.

4

18. The resources of the Department of Correction are no bar to an inmate receiving treatment for Hepatitis C if the medical provider orders that treatment.

Signed under the pains and penalties of perjury this 11th day of August, 2005.

_____
Susan J. Martin