UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

KERRY M. CASTELLO,           )
                             )
            Plaintiff,       )     C.A. NO. 05-10206-JLT
      v.                     )
                             )
SUSAN J. MARTIN, et al.,     )
                             )
            Defendants.      )

### REPLY MEMORANDUM TO THE DEFENDANT SUSAN J. MARTIN'S OPPOSITION TO PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT

Plaintiff Kerry M. Castello submits this Reply Memorandum in support of his Cross-Motion for Summary Judgment and in response to the Defendant Susan J. Martin's ("Martin") Opposition to Plaintiff's Cross-Motion for Summary Judgment.

### ARGUMENT

**I.   MARTIN'S DEFENSE COUNSEL HAS MADE A VERY SERIOUS MISREPRESENTATION TO THIS COURT AND A SHOW CAUSE ORDER UNDER RULE 11(c)(1)(B) SHOULD BE ISSUED**

Martin's defense counsel filed a Memorandum of Law supporting her Motion for Summary Judgment, arguing, in essence, that she is not the decision maker and that she is a non-medical professional "who is relying on the judgment of medical staff." (Martin's Mem. at p. 3). Artfully drafted, defense counsel goes further to argue that Martin is not subjectively aware of Plaintiff's serious medical condition, because she is "not alleged to be a medical doctor, much less a treating clinician or person with medical expertise in the diagnosis and treatment of Hepatitis C . . . ." (Martin's Mem. at pp. 3-4). This position is supported with several authorities: "Layne, 657 F.2d at 472;

McCracken v. Jones, 562 F.2d 24 (10th Cir. 1977); Rosen v. Change, 811 F.Supp. 754, 761 (D.R.I. 1993) (prison administrator was entitled to qualified immunity when he relied upon licensed nurses and doctors 'to exercise informed medical judgment and to provide adequate health care' to a prisoner)." (Martin's Mem. at p. 4).

In light of the argument set forth in Martin's Memorandum of Law, it is very disturbing to discover that Martin actually has a medical degree and that she is a licensed registered nurse (Third R. 56(e) Aff. at ¶¶ 5-6). Martin has additionally been found to be the ADA Coordinator for the Department of Correction (Third R. 56(e) Aff. at ¶¶ 7-8). The evidence Plaintiff has presented in his Third Rule 56(e) Affidavit proves that Martin's defense counsel has misrepresented facts in an attempt to obtain summary judgment. Ultimately it is now a matter for the Court to decide whether a show cause order should be issued to determine if Fed. R. Civ. P. 11(b) has, in fact, been violated. Plaintiff can only point out that "[i]t prohibits filings made with 'any improper purpose,' the offering of 'frivolous' arguments, and assertion of factual allegation without 'evidentiary support' or the 'likely' prospect of such support." Young v. City of Providence Ex Rel. Napolitano, 404 F.3d 33, 39 (1st Cir. 2005) (quoting from Fed. R. Civ. P. 11(b)).[1]

---

[1] See, e.g., Precision Specialty Metals, Inc. v. U.S., 315 F.3d 1346 (Fed. Cir. 2003) (holding that attorney violated CIT Rule 11 by selectively quoting passages from precedents, which had affect of changing meaning of quotes); United States v. Talao, 222 F.3d 1133 (9th Cir. 2000); In Re Williams, 156 F.3d 86 (1st Cir. 1998); Salois v. Dime Savings Bank of New York, FSB, 128 F.3d 20 (1st Cir. 1997).

II. **THE STATE HAS A CONSTITUTIONAL DUTY TO PROVIDE PLAINTIFF WITH ADEQUATE HEALTH CARE, AND IT CANNOT DENY PLAINTIFF MEDICATIONS TO TREAT HIS SERIOUS ILLNESS BASED ON BUDGET CONSTRAINTS**

    A. *Martin is Charged With the Responsibility of Providing Prisoners With Adequate Health Care*

Pursuant to Fed. R. Civ. P. 10(c), Plaintiff adopts by reference all paragraphs of his Memorandum of Law in Support of the Cross-Motion for Summary Judgment. Martin states in her Second Affidavit that the "Department of Correction was not and is not responsible for plaintiff's health care. The medical provider is responsible for this care." (Second Aff. of Martin at ¶ 2). To the contrary, "[c]ontracting out prison medical care does not relieve the State of its constitutional duty to provide adequate medical treatment to those in its custody, and it does not deprive the State's prisoners of the means to vindicate their Eighth Amendment rights." West v. Atkins, 487 U.S. 42, 56, (1988). Moreover, Department policy provides that:

> The overall health authority for the Department of Correction is the Director of Health Services. As health authority, the Director of Health Services is responsible for arranging and providing accessible quality medical, dental and mental health care to all inmates, according to the standards of the American Correctional Association (ACA) and National Commission on Correctional Health Care (NCCHC) and applicable regulations. In carrying out that responsibility, the Director of Health Services delegates the on-site authority to each facility's health services administrator who is a full time employee of the contractual medical provider. As the facility health authority, the health services administrator is responsible for arranging all levels of health care and forensic mental health services and for assuring that all inmates have access to quality medical and mental health care.

103 DOC 601.01 (see Third R. 56(e) at Tab Five, p. 5). Martin's statement is correct only insofar that it relates to a provision

3

within the contract (see R. 56(e) Aff. at Tab One, p. 22; see also Third R. 56(e) Aff. at Tab Six, p. 7).

Plaintiff must additionally point out that Martin has placed the Court on notice that she is taking leave of absence and that she is "not presently acting as Director of the Health Services Division." (Second Aff. of Martin at ¶¶ 1, 4). Department policy provides that:

> "The Deputy Director of health services shall report directly to the Director of Health Services and shall function as the acting Director of Health Services in his/her absence."

103 DOC 601.03: 3(a) (see Third R. 56(e) Aff. at Tab Five, p. 8). Martin must disclose to the Court the name of the Deputy Director for purpose of substitution. Fed. R. Civ. P. 25(d)(1) provides that the substitution is automatic. See, e.g., Negron Gaztambide v. Hernandez Torres, 145 F.3d 410 (1st Cir. 1999). The substitution will not affect this action. See, e.g., Saldana-Sanches v. Lopez-Gerena, 256 F.3d 1, 10, n. 16 (1st Cir. 2001).

There is, however, sufficient reason to question whether the sworn statements made in Martin's Second Affidavit have been advanced in bad faith, noting the misrepresentations aforementioned. It is necessary for Plaintiff to object to paragraphs 1, 4, and 9 of Martin's Second Affidavit, because he believes the statements have been advanced in bad faith for the purpose of creating a delay or a false fact issue. Plaintiff is bringing this to the attention of the Court so that it may conduct its own analysis. See Perez v. Volvo Car Corp., 247 F.3d 305, 314-315 (1st Cir. 2001).

4

B. Martin is Charged With the Responsibility of Preparing an Annual Budget for the Delivery of Health Care and Medications, and Plaintiff Should not be Denied Treatment Based on Budget Constraints

Martin, who is charged with the responsibility of providing prisoners with adequate health care, additionally has the responsibility of preparing an annual budget, which includes the total budget for hepatitis C pharmaceutical expenditures.[2] This premise is supported by 103 DOC 601, which provides that Martin has the responsibility to:

. . . .

5. Prepare an annual budget for the delivery of health care services in the Department's facilities;

. . . .

13. Prepare budgets and provide financial management of division operations including payroll functions;

14. Provide fiscal monitoring of contractual medical services; and

15. Supervise accounting, purchasing and resourse allocation functions of the division.

103 DOC 601.01 (see Third R. 56(e) Aff. at Tab Five, pp. 6, 7).

Martin, however, states in her Second Affidavit that "[i]t is the medical provider who determines Hepatitis pharmaceutical expenditures." (Second Aff. of Martin at ¶ 5). The word

---

[2] "Patient selection will take place once a month under Dr. Brewer's direction and the lists shall be adjusted after selections take place. Each inmate in a group of 10 shall receive treatment before anyone in the next group of 10 is selected. The exact number of patients started each month shall be dictated by the total Hepatitis C pharmaceutical expenditures to that point, in consideration of the final total budget for Hepatitis C expenditure stated by the Department of Correction Health Services Division. . . ." UMass Infectious Disease Policy (see V. Complaint at Ex. E, p. 2).

5

determine can be used in different context. Indeed, the medical provider may itemize hepatitis C pharmaceutical expenditures, but it is undisputable that Martin dictates the total budget. Plaintiff objects to paragraph 5 of the Second Affidavit, on the ground that it is advanced in bad faith to create a false fact issue. Cf. Bauseman v. Interstate Brands Corp., 50 F.Supp.2d 1028 (D.Kan. 1999), aff'd in part, rev'd in part, 252 F.3d 1111 (10th Cir. 2001).

Plaintiff must also object to paragraph 12 of Martin's Second Affidavit based on the same ground stated above. Martin has been found to be a licensed registered nurse, i.e., a medical professional (see Third R. 56(e) Aff. at ¶¶ 5-6). She concedes in her First Affidavit that she is familiar with Plaintiff's medical condition, citing various Exhibits to Plaintiff's Verified Complaint (see First Aff. of Martin at ¶¶ 7-8). It is undisputable that Martin has been and is presently subjectively aware of Plaintiff's serious medical need. Moreover, because Martin is a licensed registered nurse and Director of the Health Services Division, it is and has been within her authority to order and administer the medications recommended by Plaintiff's doctors. But, instead, Martin has ignored Plaintiff's serious medical need and, as a result, subjected him to the symptoms of the disease, as well as to a substantial risk of harm to his future health based on budget constraints (see Second R. 56(e) Aff. at ¶¶ 6-9).

The Eighth Amendment to the United States Constitution prohibits "cruel and unusual punishments inflicted." It is well

6

settled that the lack of funds cannot account for an unconstitutional lack of adequate medical care and treatment. See Harris v. Thigpen, 941 F.2d 1495, 1509 (11th Cir. 1991); Ancata v. Prison Health Services, Inc., 769 F.2d 700, 705 (11th Cir. 1985); Gates v. Collier, 501 F.2d 1291, 1320 (5th Cir. 1974). Plaintiff should not be denied treatment based on the lack of funds to purchase the medications. Equally important, Plaintiff is scheduled for release in 18 months and he is infectious. The State has a duty to prevent the spread of infectious maladies in order to protect the public. Cf. Harris v. Thigpen, supra, at 1521. As such, Plaintiff invokes his Eighth Amendment right in this Court.

Finally, Plaintiff objects to paragraphs 3, 6, 14, 16, 17, and 18 of Martin's Second Affidavit, because they are unsupported by any documentary evidence, as opposed to the entire record of evidence produced by Plaintiff in support of his Cross-Motion for Summary Judgment. Moreover, the Affidavit has been submitted in bad faith--lacking factual truth. See generally Fort Hill Builders, Inc. v. National Grange Mutual Insurance Co., 866 F.2d 11 (1st. 1989); see also Klein v. Stahl GMBH & Co. Maschinefabrik, 185 F.3d 98 (3d Cir. 1999); Murray v. Board of Education of New York 111 F.Supp.2d 349 (S.D.N.Y. 2000).

CONCLUSION

Based on the foregoing, Plaintiff requests that the Court enter summary judgment at its discretion.

Respectfully submitted,

7

Date: August 27, 2005

                                    *Kerry M. Castello*
                                    Kerry M. Castello, Pro Se
                                    P.O. Box 43
                                    Norfolk, MA 02056

## CERTIFICATE OF SERVICE

I, Kerry M. Castello, hereby certify that a true copy of the above document was served upon each attorney of record for each other party by mail, first class, postage prepaid on this 29th day of August, 2005.

                                    *Kerry M. Castello*
                                    Kerry M. Castello, Pro Se