UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

KERRY M. CASTELLO,            )
                              )
            Plaintiff,        )   C.A. NO. 05-10206-JLT
     v.                       )
                              )
SUSAN J. MARTIN, et al.,      )
                              )
            Defendants.       )

### OBJECTIONS TO THE SECOND AFFIDAVIT FILED BY THE DEFENDANT SUSAN J. MARTIN

Plaintiff Kerry M. Castello objects to segments of the Second Affidavit of the Defendant Susan J. Martin. The purpose of these objections is to place the Court on notice of the evident defects.[1] These objections are as follows:

1. Plaintiff objects to ¶ No. 1 of the Second Affidavit, on the ground that it is contradictory to the sworn statement made by Martin in ¶ No. 1 of the First Affidavit. Martin "cannot create a genuine issue of fact . . . simply by contradicting her own previous sworn statement . . . ." Cleveland v. Policy Management Systems Corp., 526 U.S. 795, 806 (1999).

2. Plaintiff objects to ¶ No. 4 of the Second Affidavit, on the ground that it is contradictory to the sworn statement made

---

[1] "We believe that what is required to preserve a party's right vis-a-vis an allegedly deficient affidavit is for the dissatisfied party to (a) apprise the trial court, in a conspicuous manner and in a timely fashion, that . . . [he] considers the affidavit defective, and (b) spell out the nature of the ostensible defects clearly and destinctly. Whether the dissatisfied party fulfills these requirements by means of a motion to strike or in some substantially equivalent way (say, by an objection or . . . in a legal memorandum urging the granting of summary judgment notwithstanding the affidavit) is of little moment." Perez v. Volvo Car Corp., 247 F.3d 303, 314 (1st Cir. 2001).

by Martin in ¶ No. 1 of the First Affidavit. Martin "cannot create a genuine issue of fact . . . simply by contradicting her own previous sworn statement . . . ." <u>Cleveland</u> v. <u>Policy Management Systems Corp.</u>, 526 U.S. 795, 806 (1999).

3. Plaintiff objects to ¶ No. 9 of the Second Affidavit, on the ground that it is contradictory to the statement made by Martin in ¶ No. 1 of the First Affidavit. Martin cannot hinder summary judgment by contradicting her own prior statements. It would "seriously impair the utility of Federal Rule of Civil Procedure 56." <u>Sinskey</u> v. <u>Pharmacia Ophthalmics, Inc.</u>, 982 F.2d 494, 498 (1st 1992).

4. Plaintiff objects to ¶ No. 10 of the Second Affidavit, on the ground that it is not made on personal knowledge. Martin argues in her Memorandum of Law that she is a non-medical defendant and that she is relying on the judgments of the contractual medical professionals (Martin's Mem. at pp. 3-4). Personal knowledge is the touchstone when conducting an analysis of an affidavit under Fed. R. Civ. P. 56(e). See <u>Perez</u> v. <u>Volvo Car Corp.</u>, 247 F.3d 303, 314 (1st 2001).

5. Plaintiff objects to ¶ No. 11 of the Second Affidavit, on ground that it is not made on personal knowledge. Martin argues in her Memorandum of Law that she is a non-medical defendant and that she is relying on the judgments of the contractual medical professionals (Martin's Mem. at pp. 3-4). Personal Knowledge is the touchstone when conducting an analysis of an affidavit under Fed. R. Civ. P. 56(e). See <u>Perez</u> v. <u>Volvo Car Corp.</u>, 247 F.3d 303, 314 (1st Cir. 2001).

Date: August 29, 2005

Respectfully submitted,

*Kerry M. Castello*
Kerry M. Castello, Pro Se
P.O. Box 43
Norfolk, MA 02056

CERTIFICATE OF SERVICE

I, Kerry M. Castello, hereby certify that a true copy of the above document was served upon each attorney of record for each other party by mail, first class, postage prepaid on this 29th day of August, 2005.

*Kerry M. Castello*
Kerry M. Castello, Pro Se

3