UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

KERRY M. CASTELLO,              )
                                )
         Plaintiff,             )   C.A. NO. 05-10206-JLT
    v.                          )
                                )
SUSAN J. MARTIN, et al.,        )
                                )
         Defendants.            )

## MOTION TO CORRECT THE RECORD

Plaintiff Kerry M. Castello moves this Honorable Court, pursuant to Fed. R. Civ. P. 60(a), to correct a clerical mistake made on the docket at paper number 74. As grounds therefor, Plaintiff states that the clerk inadvertently entered duplicative entries on the docket (see Docket at 70 & 74). Paper number 74 should reflect Plaintiff's Opposition to the Motion for Extension to File a Motion for Summary Judgment, Post-Deadline, by the Defendants, Aaron Lazare, M.D., Arthur Brewer, M.D., and Donna Jurdak, R.N. (see attached Exhibit A) (re Docket at 71). This is a simple clerical mistake that the Court may correct at any time, as provided by Fed. R. Civ. P. 60(a).

WHEREFORE, Plaintiff requests that the Court correct the record.

Respectfully submitted,

Date: December 1, 2005

Kerry M. Castello, Pro Se
P.O. Box 43
Norfolk, MA 02056

## CERTIFICATE OF SERVICE

I, Kerry M. Castello, hereby certify that a true copy of the above document was served upon each attorney of record for each other party by mail, first class, postage prepaid on this 2nd day of December, 2005.

Kerry M. Castello, Pro Se

EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

KERRY M. CASTELLO,            )
                              )
            Plaintiff,        )    C.A. NO. 05-10206-JLT
    v.                        )
                              )
SUSAN J. MARTIN, et al.,      )
                              )
            Defendants.       )

OPPOSITION TO THE MOTION FOR EXTENSION TO FILE A CROSS MOTION FOR SUMMARY JUDGMENT, POST-DEADLINE, BY THE DEFENDANTS, AARON LAZARE, M.D., ARTHUR BREWER, M.D., AND DONNA JURDAK, R.N.

Plaintiff Kerry M. Castello submits this Opposition to the Motion for Extension to File a Cross Motion for Summary Judgment, Post-Deadline, by the defendants, Aaron Lazare, M.D., Arthur Brewer, M.D., and Donna Jurdak, R.N. ("the defendants").

ARGUMENT

I. THE DEFENDANTS' LACK OF SHOWING EXCUSABLE NEGLECT AND FAILURE OF A MOTION MADE AS REQUIRED BY RULE 6(b) ARE GROUNDS FOR THIS COURT TO DENY THE DEFENDANTS' MOTION FOR AN EXTENTION TO FILE A CROSS MOTION FOR SUMMARY JUDGMENT, POST-DEADLINE

The defendants' lack of showing excusable neglect and failure of a motion made as required by Fed. R. Civ. P. 6(b) are grounds for this Court to deny the defendants' Motion for Extension to File a Cross Motion for Summary Judgment, Post-Deadline. Plaintiff relies on the Supreme Court's holding in Lujan v. National Wildlife Federation, 497 U.S. 871, 873-74 (1990) ("a post-deadline extension must be 'upon motion made,' and is permissible only where the failure to meet the deadline 'was the result of excusable neglect.'" Fed. R. Civ. P. 6(b) ). Although the Supreme Court held that a party must show "excusable neglect," the Court, however, did not define the phrase

"excusable neglect" in Lujan. The considerations of "excusable neglect" are set forth within Pioneer Investment Services, Co. v. Brunswick Associates Limited Partnership, 507 U.S. 380 (1993).

The Supreme Court noted in Pioneer that "excusable neglect" is a "somewhat elastic concept," not limited exclusively to omissions caused by circumstances outside the moving party's control, but which must be assessed in view of all relevant circumstances surrounding the omission. This analysis includes the following:

(1) the danger of prejudice to the opponent;

(2) the length of the delay and its potential impact on the course of the judicial proceedings;

(3) the reason for the delay, including whether it was within the reasonable control of the movant; and

(4) whether the movant acted in good faith.

Id. at 395.

Additionally, it should be noted that even in circumstances where the errors lie with the attorneys and not with the attorneys' clients--clients "must be held accountable for the acts and omissions of their attorneys." Id. at 396. See, e.g., Velez v. Awning Windows, Inc., 375 F.3d 35, 40 (1st Cir. 2004) (attorneys must organize their work in order to meet court-appointed deadlines or suffer the consequences); Allen v. Murph, 194 F.3d 722, 724 (6th Cir. 1999) (no excusable neglect where counsel knew the deadline for moving for an award of counsel fees, but instead left for vacation without discussing the issue with his clients); Mendez v. Banco Popular De Puerto Rico, 900 F.2d 4, 6-7 (1st. Cir. 1990) (attorney failed to show cause for enlargement and summary judgment entered, as it was

appropriate at that time).

Here in the instant case, counsel for the defendants argues that she failed to meet the Court's filing deadline because the Defendant Brewer was too busy traveling to discuss the case and that his affidavit was not received until June 23, 2005. Applying the analysis set forth in Pioneer, Plaintiff will first focus on whether the delay was within counsel's control. Indeed, counsel concedes that she was fully aware of the deadline date (Defs.' Motion at ¶ 1). Moreover, by counsel's own admission the Court's filing deadline was ignored while the Cross Motion for Summary Judgment was being prepared (Defs.' Motion at ¶¶ 7-8). In light of these facts alone, counsel's argument falls far short of showing of "excusable neglect" as required by Fed. R. Civ. P. 6(b). Cf. Mendez v. Banco Popular De Puerto Rico, supra, 6-8. Without a showing of "excusable neglect," the defendants must be denied a post-deadline extension to file their Cross Motion for Summary Judgment. See Lujan v. National Wildlife Federation, 497 U.S. 871, 879 (1990).

Because the defendants are seeking relief pursuant to Mass. R. Civ. P. 60(b)(1), it is necessary for Plaintiff to oppose this particular subject matter (Defs.' Motion at ¶ 9). The Massachusetts Rules of Civil Procedure are not applicable here in the United States District Court. But even if this Court overlooked this fact and treated the defendants' Motion as one brought under Fed. R. Civ. 60(b), the defendants' argument would still be misplaced. The phrase "excusable neglect" is also used in Fed. R. Civ. P. 13(f) and 60(b). "Excusable neglect" within the context of Rule 60(b) "is understood to encompass situations

3

in which the failure to comply with a filing deadline is attributed to negligence. Because of the language and structure of Rule 60(b), a party's failure to file or time for reasons beyond his or her control is not considered to constitute 'neglect.'" Pioneer Investment Services, Co. v. Brunswick Associates Limited Partnership, 507 U.S. 380, 394-95 (1993). The intended purpose of Rule 60(b) is significantly different from that of Rule 6(b).

II. THE DEFENDANTS HAVE ADVANCED THEIR DOCUMENTS IN BAD FAITH FOR THE PURPOSE OF DELAY, AND THIS COURT SHOULD REJECT THEM AND ENTER AN ORDER TO ENFORCE COMPLIANCE WITH THE LOCAL RULES AND PROCEDURAL RULES

Plaintiff has recited the local rules and procedural rules of this Court in several documents previously filed. Despite this fact, the defendants have yet again advanced their Opposition/Motion for Extention in violation of LR 7.1(B)(1)-(2) and in total disregard of Fed. R. Civ. P. 1. Counsel for the defendants is a professional attorney working within a respected law firm that specializes in civil litigation. Surely counsel cannot expect this Court to believe that she is experiencing significant difficulty grasping the rules of this Court. Indeed, counsel is advancing documents on behalf of the defendants in bad faith for the purpose of delay. As a result, counsel has expended judicial resources and the delay is prejudicial to Plaintiff.

"There comes a point when the question arises who is running the court--counsel, or the judge. To this there can be but one answer." Mendez v. Popular De Puerto Rico, 900 F.2d 4, 7 (1st Cir. 1990), quoting Higuera v. Pueblo Int'l, Inc., 585 F.2d 555, 557 (1st Cir. 1978). In light of the facts presented, the

4

defendants' Motion for Extension should be denied and the untimely filed documents should be rejected. Moreover, the Court should issue an order directing defense counsel to comply with the rules of this Court; otherwise, judicial resources will continue to be wasted and Plaintiff will suffer additional prejudice throughout this action.

CONSLUSION

Based on the foregoing, Plaintiff requests that the Court deny the defendants' Motion for Extension to File a Cross Motion for Summary Judgment, Post-Deadline.

Respectfully submitted,

Date: July 29, 2005

Kerry M. Castello, Pro Se
P.O. Box 43
Norfolk, MA 02056

CERTIFICATE OF SERVICE

I, Kerry M. Castello, hereby certify that a true copy of the above document was served upon each attorney of record for each other party by mail, first class, postage prepaid on this 29th day of July, 2005.

Kerry M. Castello, Pro Se

5