UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| KERRY M. CASTELLO, | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| v. | * | Civil Action No. 05-10206-JLT |
| | * | |
| SUSAN J. MARTIN, in her individual | * | |
| and official capacity as Director of the | * | |
| Department of Correction, Health Services | * | |
| Division; AARON LAZARE, M.D., in his | * | |
| individual and official capacity as Chancellor | * | |
| and Dean of the University of Massachusetts | * | |
| Medical School; ARTHUR BREWER, M.D., in | * | |
| his individual and official capacity as Director | * | |
| of the UMass Correctional Health Program; | * | |
| DONNA JURDAK, R.N., in her individual and | * | |
| official capacity as Health Services Administrator | * | |
| at the Massachusetts Correctional Health | * | |
| Institution Norfolk; | * | |
| | * | |
| Defendants. | * | |

MEMORANDUM

February 1, 2006

TAURO, J.

This is a civil action in which Plaintiff, Kerry M. Castello ("Castello"), a *pro se* prisoner incarcerated within facilities operated by the Massachusetts Department of Correction ("MDOC"), seeks declaratory relief and compensation under 42 U.S.C. § 1983 for civil rights violations allegedly committed by Defendants Susan J. Martin, Arthur Brewer, M.D., Donna

Jurdak, R.N., and Aaron Lazare, M.D. ("Defendants").  Specifically, Plaintiff alleges that Defendants knowingly, willfully, and intentionally denied and delayed medical treatment by failing to provide him with medication for the treatment of Hepatitis C, thereby violating his Eighth Amendment rights.

## Background

**A.    Parties**

Plaintiff Kerry M. Castello is a prisoner who has been incarcerated since August 1999 in the Norfolk State Prison.  Defendant Susan J. Martin is the Director of Health Services for the Massachusetts Department of Correction.[1]  Defendant Arthur Brewer is the Program Director for the University of Massachusetts Correctional Health ("UMCH").[2]  Dr. Brewer oversees the patient selection process, which determines whether patients receive Hepatitis C, Peg/Intron/Rebetron therapy.[3]  Defendant Aaron Lazare is the Chancellor of UMASS Medical School.[4]  Defendant Donna Jurdak is a registered nurse at MCI-Norfolk, employed by UMCH.[5]

**B.    Statement of the Facts**

---

[1] The position of Director of Health Services does not require a clinical degree or licensure or involve direct supervision of health care to patients.  Aff. of Susan J. Martin [#30-2] at 1.

[2] Since January 1, 2003, The University of Massachusetts Medical School has contracted with the Department of Correction to provide both medical and mental health services to its inmates. Aff. of Susan J. Martin [#30-2] at 1.

[3] Defs.' Statement of Undisputed Facts ¶ 12.

[4] Id. at ¶ 3.

[5] Id.

On October 26, 2001, Plaintiff Castello tested positive for Hepatitis C.[6]  Upon his diagnosis, Defendants Lazare, Jurdak, and Brewer explained to Plaintiff that the doctors would evaluate his needs according to the UMCH chronic disease protocol.  Plaintiff's October 31, 2001 lab reports indicated that his Hepatitis C was stable, and that his liver enzymes were within a normal range.  From that point forward, the Defendants have tested Plaintiff every six months to assess his condition, and the progression of his Hepatitis C.  Subsequent lab reports indicated that Mr. Castello's enzyme levels were stable, and that they continued to remain within the normal range up until May of 2003.  During that period, the medical Defendants continued to address Plaintiff's concerns about his condition, discussing with him the disease and how to monitor its progression.

On May 28, 2003, however, Plaintiff's lab results indicated slightly higher enzyme levels. On June 6, 2003, therefore, Plaintiff underwent a liver biopsy to assess his condition. The results of the biopsy indicated only mild inflammation, and no evidence of scarring.  Plaintiff showed no signs of fibrosis and his inflammatory cell infiltrate was minimal.

Plaintiff, thereafter, on his own volition, submitted his medical record to Dr. Raymond S. Koff, an employee of Roche Laboratories ("Roche").  Roche manufactures Pegylated Interferon, the drug which Plaintiff currently seeks to treat his Hepatitis C.  In response to Plaintiff's submission, Dr. Koff, in a letter dated July 17, 2003, stated that while the liver biopsy report suggested a "very mild disease," given Plaintiff's relatively young age, treatment was *not*

---

[6]The following undisputed facts are drawn from Pl.'s Amend. Compl., Def. Martin's Mem. of Law in Opp. to Pl.'s Mot. for Summ. J., Defs.' Brewer, Lazare, and Jurdak's Mem. of Law in Opp. to Pl.'s Mots. for Summ. J, Defs. Statement of Undisputed Facts, and the evidentiary materials submitted in support.

indicated.[7] Dr. Koff then went on to state that he did agree with Plaintiff's opinion that "waiting until [plaintiff] [has] a more severe disease doesn't make much sense."[8] Dr. Koff thereafter concluded if Plaintiff is treated with Pegylated Interferon and Ribavarin daily, he would have a 40-45% chance of being cured of Hepatitis C.[9] In closing, however, Dr. Koff warned that his recommendations would be highly criticized given his bias as an employee of the manufacturer of the drug that he was recommending.[10]

On October 15, 2003, the Lemuel Shattuck Hospital ("LSH"), noting that Plaintiff had undergone a liver biopsy in June, recommended that Plaintiff's HCV RNA levels be observed, and that he should be treated with combination therapy in the near future. The medical Defendants, in response to this recommendation, placed Plaintiff on the combination therapy treatment list in accordance with the methodology of the UMCH patient selection criteria.[11] Treatment decisions regarding Hepatitis C combination therapy are made by Dr. Arthur Brewer and the UMCH Hepatitis C Committee, not by Dr. Lazare, Nurse Jurdak, or Susan Martin.

On October 28, 2003, Dr. Ernest Osei-Tutu, the UMCH doctor who had been treating Plaintiff, noted vehemently in his progress report that Plaintiff's efforts to circumvent the system in order to get priority treatment were inappropriate.

---

[7]Letter from Dr. Raymond S. Koff to Kerry M. Castello (July 17, 2003), Defs. Mem. [#64] Ex. 6.

[8]Id.

[9]Id.

[10]Id.

[11]Defs.' Mem at ¶ 16 (citing to the UMCH patient selection criteria, Defs.' Mem. [#64] Ex. 7.).

> [Patient's] disrespect and disdain for the rightful way of doing things was again evident in the manner in which he went about trying to get his Hep[atitis] C treated. [Patient] did not meet our criteria for referred for liver [biopsy]. He had normal liver enzymes. He was able to threaten and intimidate a provider to refer him to his [sic] for [a] liver [biopsy] which showed a fibrosis score of 0/4, a Knodell score of 2/22 and mild chronic inflammatory cell infiltrate. In the normal scheme of things, Mr. Castello should not be getting PEG Inferon [prescription] because we have a lot of inmates [with] [] severe and advanced cases of Hep[atitis] C [] [biopsy] results who deserve [prescriptions].
>
> . . . Inmate Castello through intimidation deprived a deserving inmate a chance for liver [biopsy] and expedited therapy . . . . There are a lot of more deserving inmates in terms of the horrifickness [sic] of their liver [biopsy]/liver enzyme results who, in my estimation should have the first crack at [prescriptions]. Some of these inmates have been waiting for months to get treatment. Statewide there are more than 400 Chronic Hep[atitis] C patients and of those who have had their biopsies - only approx[imately] 40-45 patients are being treated for their disease. This has been necessitated by fiscal constraints (budget shortfalls) at the state level.[12]

Plaintiff has moved for summary judgment against Defendants Brewer, Lazare, Jurdak, and Martin, arguing that they were deliberately indifferent to his serious medical needs, thereby depriving him of his Eighth Amendment right to be free from cruel and unusual punishment. Defendant Martin has moved for summary judgment in her favor, and Defendants Lazare, Brewer, and Jurdak have filed a joint cross-motion for summary judgment in their favor.

## Discussion

### A. Summary Judgment Standard

Under Federal Rule of Civil Procedure 56, summary judgment is appropriate only if the record reveals that there is "no genuine issue as to any material fact and . . . the moving party [has

---

[12]Defs.' Mem [#64] Ex. 3.

demonstrated an] entitle[ment] to a judgment as a matter of law."[13]  Pursuant to this standard, the "party seeking summary judgment [must] make a preliminary showing that no genuine issue of material fact exists.  Once the movant has made this showing, the nonmovant must contradict the showing by pointing to specific facts demonstrating that there is, indeed, a trialworthy issue."[14]

In deciding whether to allow a motion for summary judgment, a court "must view the entire record in the light most hospitable to the party opposing summary judgment, indulging all reasonable inferences in that party's favor."[15]  A court, however, need not afford any weight to "conclusory allegations, improbable inferences, and unsupported speculation."[16]

### B.   Medical Mistreatment as a Violation of the Eighth Amendment

To establish that medical mistreatment constitutes a violation of the Eighth Amendment, a prisoner must demonstrate "acts or omissions sufficiently harmful to evidence *deliberate indifference* to *serious medical needs*."[17]  Deliberate indifference is conduct that offends evolving standards of decency in a civilized society.[18]  It therefore has both an objective component  –

---

[13]Fed. R. Civ. P. 56(c).  "In the lexicon of Rule 56, 'genuine' connotes that the evidence on the point is such that a reasonable jury, drawing favorable inferences, could resolve the fact in the manner urged by the nonmoving party, and 'material' connotes that a contested fact has the potential to alter the outcome of the suit under the governing law if the controversy over it is resolved satisfactorily to the nonmovant."  Blackie v. Maine, 75 F.3d 716, 721 (1st Cir. 1996).

[14]Id. (quoting Nat'l Amusements, Inc. v. Town of Dedham, 43 F.3d 731, 735 (1st Cir. 1995), cert. denied, 515 U.S. 1103 (1995)).

[15]Griggs-Ryan v. Smith, 904 F.2d 112, 115 (1st Cir. 1990).

[16]Medina-Munoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir. 1990).

[17]Miranda v. Munoz, 770 F.2d 255, 259 (1st Cir. 1985) (emphasis added) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

[18]DesRosiers v. Moran, 949 F.2d 15, 19 (1st Cir. 1991) (citing Rhodes v. Chapman, 452 U.S. 337, 347 (1981)).

whether there was a sufficiently serious deprivation – and a subjective component – whether the deprivation was brought about in wanton disregard of the inmate's rights.[19] Allegations of mere negligence in the treatment of a medical condition do not constitute deliberate indifference.[20] Disagreement regarding the proper course of treatment does not rise to the level of a constitutional violation.[21] The First Circuit has recognized this principle, noting that "'[w]here a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law.'"[22] In order to establish deliberate indifference, the complainant must prove that the defendants had a culpable state of mind and intended to wantonly inflict pain.[23]

**C.    Defendant Martin's Motion for Summary Judgment**

Defendant Martin argues that she is entitled to summary judgment in her favor for two distinct reasons: first, that she does not control the delivery of medical services to Plaintiff and has not been deliberately indifferent to his serious medical needs, and second, that as a government official performing a discretionary duty, she is entitled to qualified immunity.[24] Because this court finds that Defendant Martin was not aware of any "serious medical needs" to which she was

---

[19] Id. (citing Wilson v. Seiter, 501 U.S. 294 (1991)).

[20] Estelle, 429 U.S. at 106.

[21] Watson v. Caton, 984 F.2d 537, 540 (1st Cir. 1993).

[22] Layne v. Vinzant, 657 F.2d 468, 474 (1st Cir. 1981) (quoting Westlake v. Lucas, 537 F.2d 857, 860 n. 5 (6th Cir. 1976).

[23] See Wilson, 501 U.S. at 294.

[24] Def. Martin's Mem. in Supp. of Mot. for Summ. J. at 2.

7

deliberately indifferent, Defendant Martin's Motion for Summary Judgment is ALLOWED.

Irrespective of whether Plaintiff suffers from a "serious medical need," it is clear that Defendant Martin was not "deliberately indifferent" to Plaintiff's condition. The Plaintiff has, and continues to receive, treatment for his Hepatitis C. Plaintiff has been seen regularly by medical staff and has received various forms of treatment. Although Plaintiff is insistent that he should receive a particular type of treatment, medical professionals have determined that, at this time, Plaintiff is in no immediate need for this type of therapy. This treatment decision was based on the Plaintiff's medical records and diagnostic tests performed within a reasonable time range of the decision. As such, it does not rise to the level of deliberate indifference.

Plaintiff, moreover, has failed to establish that Defendant Martin, specifically, was deliberately indifferent to any serious medical need. Martin, who relies upon the judgment of medical staff and is not a doctor or treating clinician, had no subjective knowledge of any serious medical need on the part of Plaintiff to which she could have been deliberately indifferent. More importantly, however, Defendant Martin does *not* make treatment decisions regarding Plaintiff's treatment.

Whether Plaintiff's medical condition classifies as a "serious medical need" remains an open question. Having found that Defendant Martin was not deliberately indifferent to any medical need on the part of Plaintiff, however, there is no present need to resolve this issue.

Finally, having determined that Defendant Martin was not deliberately indifferent to any serious medical need of the Plaintiff, there is no need to address the issue of qualified immunity. For the reasons stated, Defendant Martin's Motion for Summary Judgment is ALLOWED, and Plaintiff's Cross Motion for Summary Judgment against the Defendant Martin is DENIED.

**D.      Defendants' Lazare, Brewer, and Jurdak's Joint Motion for Summary Judgment**

Defendants Lazare, Brewer, and Jurdak dispute Plaintiff's allegation that they were deliberately indifferent to treating Plaintiff's Hepatitis C. Defendants argue that they clearly followed the UMCH established protocol, and placed Plaintiff on the treatment list at the time that biopsy results indicated that it was appropriate to do so.[25] Because placement on the antiviral drug treatment is based on biopsy results, and Plaintiff's enzyme levels were stable and within the normal range until May of 2003, Plaintiff was not in need of a biopsy until that time.[26] When Plaintiff's enzyme levels elevated to an abnormal range on May 28, 2003, the Defendants ordered a liver biopsy on June 6, 2003.[27] Based on the biopsy results, the LSH recommended that Plaintiff receive combination therapy treatment.[28] Rather than ignore this recommendation, Defendants immediately placed Plaintiff on the treatment list.[29]

This court finds that Defendants were not deliberately indifferent to Plaintiff's serious medical needs. To the contrary, Defendants followed established protocol and treated Plaintiff regularly for his medical condition. Plaintiff, additionally, has not proffered evidence that Defendants had the required mental state to constitute deliberate indifference. Moreover, Plaintiff has proffered no evidence that Defendants intended to wantonly inflict pain. The record indicates, rather, that Plaintiff has not yet received his medication because there are other inmates with more

---

[25] Defs.' Mem at 11.

[26] Id.

[27] Id.

[28] Id.

[29] Id.

serious cases of the disease, who have a more pressing need for the medication. For the reasons stated, Defendants' Motion for Summary Judgment is ALLOWED. Correspondingly, Plaintiff's respective Motions for Summary Judgment against Lazare, Brewer, and Jurdak are DENIED.

AN ORDER WILL ISSUE.

                                                /s/ Joseph L. Tauro
                                          United States District Judge